225 P.2d 696

### CLARK v. CARMODY, Judge.
### No. 5286.

Supreme Court of New Mexico.

Dec. 20, 1950.

Watson, McIntosh & Watson, Santa Fe, for relator.

Henry J. Hughes, Fletcher A. Catron, Santa Fe, for respondent.

COMPTON, Justice.

This is a proceeding in mandamus to compel the dismissal of an action on the ground that the plaintiff therein failed to take any action to bring the cause to a final determination within two years after the filing of a mandate directing further proceedings in a cause, previously tried.

The complaint was filed in the district court of Santa Fe county May 20, 1941. The cause was brought to trial and a final judgment entered August 3, 1942. An appeal was taken therefrom by the plaintiff and on April 20, 1944, we reversed the judgment and remanded the cause to the district court for a new trial on certain issues. The mandate was filed July 6, 1944, since which time the plaintiff has taken no further action to bring the cause to a final determination. On February 10, 1950, the defendant filed a motion to dismiss with prejudice, and an affidavit in opposition thereto was filed by Henry J. Hughes, respondent's attorney. At a hearing thereon respondent concluded that there was good reason, beyond plaintiff's control, why she was unable to bring the cause to a final determination, and thereupon entered an order denying the motion.

The statute, now one of our Rules of Civil Procedure, 1941 Comp. § 19-101, 41(e), which it is claimed affords grounds for the dismissal sought, reads: "In any civil action or proceeding pending in any district court in this state, when it shall be made to appear to the court that the plaintiff therein or any defendant filing a cross-complaint therein has failed to take any action to bring such action or proceeding to its final determination for a period of at least two years after the filing of said action or proceeding or of such cross-complaint unless a written stipulation signed by all parties to said action or proceeding has been filed suspending or postponing final action therein beyond two years, any party to such action or proceeding may have the same dismissed with prejudice to the prosecution of any other or

further action or proceeding based on the same cause of action set up in the complaint or cross-complaint by filing in such pending action or proceeding a written motion moving the dismissal thereof with prejudice."

This Rule, originally enacted as a statute, has been before us twice since its enactment as a statute. In the first case in which it was invoked, City of Roswell v. Holmes, 44 N.M. 1, 96 P.2d 701, it was held to be without application to a case pending when it was enacted by reason of the prohibition of Const.Art. 4, § 34 against changing the procedure in pending actions. In the next case, Ringle Development Corp. v. Chavez, 51 N.M. 156, 180 P.2d 790, the statute was construed and upheld in the following language: "Except where time is tolled by statute, such as the Soldiers' and Sailors' Relief Act, or unless process has not been served because of inability to execute it on account of defendant's absence from state, or his concealment within the state, or unless, because of some other good reason, plaintiff is unable, for causes beyond his control, to bring case to trial, provisions of court rule for dismissal with prejudice are mandatory. 1941 Comp., § 19-101, rule 41(b), (e) (1); Soldiers' and Sailors' Relief Act of 1940, § 201, 50 U.S. C.A.Appendix, § 521."

Whether the factual situation disclosed by the writ and answer in the case before us make out a case that would sustain the respondent's action in refusing to dismiss by reason of the statute or rule, we need not determine. As we view the matter, the facts disclosed by the pleadings take the case outside the rule and deny its application altogether.

In Ringle Development Corp. v. Chavez, supra, we referred to a statute in California appearing as Section 583 of the Code of Civil Procedure in that state as being similar to our own statute. It provided for the dismissal of any case, after due notice to plaintiff or by the court on its own motion, "unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have stipulated in writing that the time may be extended." Several California decisions, construing this statute, held it to be inapplicable if the case had once been brought to trial. Allyne v. Murasky, 200 Cal. 661, 254 P. 564; Krasnow v. Superior Court, 15 Cal.App.2d 141, 59 P.2d 442; Mussat v. Superior Court, 16 Cal.App.2d 291, 60 P.2d 323.

Apparently because of the decisions in some of these earlier cases, the California legislature in 1931 amended section 583 of the Code of Civil Procedure and prescribed conditions making the provisions of the act applicable to the situation where a new trial is granted by the trial court or a new trial ordered by an appellate court following an appeal. See Cal.Stats. 1931, p. 373.

If the statute, prior to amendment in California, was inapplicable where a case had

once been brought to final judgment and a new trial granted, the same reasoning would make it inapplicable where it had been brought to final determination, an appeal prosecuted and a new trial ordered. That is the situation here present. It would require an indulgence in construction which we are unwilling to undertake in order to render the statute applicable to proceedings in the trial court following the award of a new trial ordered here on appeal from the final judgment in a cause.

It follows from what has been said that the rule invoked is without application. Accordingly, the alternative writ of mandamus was improvidently issued and will be discharged.

It is so ordered.

LUJAN, SADLER and McGHEE, JJ., concur.

BRICE, C. J., not participating.