260 P.2d 712

### EMMCO INS. CO. v. WALKER.
### No. 5606.

Supreme Court of New Mexico.

Aug. 26, 1953.

Leslie D. Ringer, Santa Fe, for appellant.

Howard F. Houk, Santa Fe, for appellee.

LUJAN, Justice.

This is an appeal from an order dismissing the above entitled action for failure on the part of plaintiff to prosecute said action with reasonable diligence.

On October 10, 1951, (plaintiff) appellant commenced an action in the district court of Santa Fe County, against the (defendant) appellee to recover a certain Mercury automobile and for damages for wrongful detention thereof. On November 13, 1951, by its answer the defendant denied the allegations of the complaint. On December 3, 1951, the trial judge advised counsel of record for appellant that this case was to be set for trial and to prepare for same. On February 19, 1952, the trial court set the case for trial to be held on February 27, 1952, but a continuance was granted plaintiff's counsel because he had not, up to that time taken the depositions desired to be used at the trial. On March 3, 1952, the opening day of the regular term of court, the case was called upon the docket and the court announced the case would be set for trial. On May 24, 1952, the court mailed a notice to appellant's counsel notifying him that the case had been set for trial as of June 10, 1952. On June 6, 1952, appellant's counsel advised the court verbally, in chambers, that he would not be ready for trial on the day set, because of his failure to take the depositions of certain witnesses whose testimony he desired to use. Appellant's counsel was, at that time, advised by the court to file a motion for a continuance and it would rule on same on the date set for trial. The motion was filed. The court overruled the motion, then counsel moved to dismiss his cause of action without prejudice, which motion was likewise denied. Appellee announced she was ready for trial, and appellant having failed to introduce any evidence in support of its complaint, the court thereupon dismissed its complaint with prejudice upon motion of the appellee. The court found:

"1. That heretofore, and on the 3rd day of December, 1951, after the above case had been at issue for several weeks, this Court advised the plaintiff's counsel of record that the case would be set for trial in the none too distant future, and that it should take whatever depositions it desired to take immediately, and get ready for trial.

"2. That thereafter, and on February 19, 1952, this case was set for trial on February 27, 1952, but a continuance was granted at the request of the plaintiff for the reason that certain depositions it desired to take had not at that time been taken; that the Court, upon granting said continuance, again advised the plaintiff to get ready for trial, and that if it desired to take any depositions, to do so immediately as the case would again be set for trial.

"3. That thereafter, on the 3rd day of March, 1952, the opening day of the regular term of Court, the case was called upon the docket and the Court announced that the cause would be set for trial.

"4. That thereafter and on May 24, 1952, the Court mailed to plaintiff's counsel a notice that the case had again been set for trial on June 10, 1952; that on June 6, 1952, the plaintiff's counsel advised the Court orally in chambers that he would not be ready for trial on the 10th because of his failure to take the depositions of certain witnesses whose testimony he desired, and the Court at that time advised counsel for the plaintiff to file a motion for a continuance in accordance with the New Mexico Statutes governing such matters, and he would rule on plaintiff's request on the day of the setting.

"5. That the plaintiff filed a motion for continuance which was not in accordance with the statutes of this State, and the Court overruled plaintiff's motion for a continuance on June 10, 1952.

"6. After the Court overruled plaintiff's motion for a continuance, the plaintiff moved to dismiss his cause of action without prejudice, which motion was denied by the Court. And the defendant having announced her readiness to proceed to trial, and the plaintiff having adduced no evidence in support of its complaint, the Court thereupon dismissed said complaint with prejudice on the oral motion of the defendant.

"7. The Court further finds that the plaintiff has shown no diligence whatsoever in the preparation and presentment of its cause notwithstanding the repeated warnings and admonitions of the Court to get ready for trial. .

"8. That the plaintiff, at all material times hereto, knew of the whereabouts of the witnesses whose depositions it desired to take, or could have found out their whereabouts if it had been diligent."

Based upon the above findings the Court concluded as a matter of Law:

"1. That said cause should be dismissed with prejudice, at plaintiff's cost."

■ Appellant seriously contends that the court erred in dismissing his cause of action with prejudice. The duty rests upon the plaintiff at every stage of the proceeding to use diligence and to expedite his case to a final determination, and unless it is made to appear that there has been a gross abuse of discretion on the part of the trial court in dismissing an action for lack of prosecution its decision will not be disturbed on appeal. Inderbitzen v. Lane Hospital, 17 Cal.App.2d 103, 106, 61 P.2d 514; Steinbauer v. Bondesen, 125 Cal.App. 419, 14 P.2d 106; Vogel v. Marsh, 122 Cal.App. 748, 10 P.2d 791; Congdon v. Aumiller, 79 Wash. 616, 621, 140 P. 912.

■ From the facts found by the court, which were peculiarly within its personal knowledge, it cannot be said that the court abused its discretion; they show that appellants' counsel neglected and failed to prosecute his cause of action with diligence whatsoever notwithstanding repeated warnings and admonitions of the court to get ready for trial.

Counsel was entitled of right to take depositions of any witness he desired to after commencement of his action. Section 19–101(26) (a) of Cumulative Pocket Part, 1951, provides:

"Any party may take the testimony of any person, including a party, by deposition upon oral examination or written interrogatories for the purpose of discovery or for use as evidence in the action or for both purposes. After commencement of the action the deposition may be taken without leave of court, except that leave, granted with or without notice, must be obtained if notice of the taking is served by the plaintiff within thirty days after commencement of the action. * * *"

Counsel for appellant knew at the time he commenced his action that some of his witnesses were in Oklahoma and Texas and would not return to Santa Fe, New Mexico. He had eight months in which to take the depositions desired and otherwise prepare for trial, and his neglect and failure to do so was responsible for the dismissal of his case.

■ Appellant argues "that the clear intent of Rule 41(a) of the Rules of Civil Procedure is that plaintiff, upon seeking to dismiss after answer must obtain an order of court imposing such terms as the court shall deem proper, but that there is no intimation that his right to dismiss under such circumstances is otherwise abridged. And, as indicated by the last sentence of the rule, only in exceptional circumstances is the dismissal to be with prejudice." He cites the case of Bolten v. General Motors Corporation, 7 Cir., 180 F.2d 379, 21 A.L.R.2d 623, as upholding the absolute right of a plaintiff to dismiss under the above rule upon terms and conditions as the court may deem proper.

Rule 41 of the Rules of Civil Procedure reads as follows:

"(a) Voluntary Dismissal—Effect Thereof.

"(1) By Plaintiff—By Stipulation. Subject to the provisions of Rule 23 (c) and of any statute, an action may be dismissed by the plaintiff without order of the court (i) by filing a notice of dismissal at any time before service of the answer or (ii) by filing a stipulation of dismissal signed by all parties who have appeared generally in the action.

"(2) By Order of Court. Except as provided in paragraph (1) of this

subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

In Ockert v. Union Barge Line Corporation, 3 Cir., 190 F.2d 303, 304, the court said:

"(1) What happened in Ockert's case was this. The cause was called for trial. A medical witness, thought by Ockert's counsel to be necessary to the presentation of his claim, had written a note stating that he could not be present that day. A continuance was requested by Ockert's counsel. This was denied. Then counsel asked for a dismissal without prejudice. This was objected to by the defense and the court denied the motion and directed that the trial proceed. The plaintiff claims that he was entitled to a voluntary dismissal without prejudice as a matter of right. If that is correct the action of the trial judge was obviously error.

"(2) There are some situations in which a plaintiff is entitled to dismiss of his own motion without any limitations by the trial judge. They are set out in Rule 41(a) (1), quoted above. The stated instances show clearly a thought-out purpose behind such provisions. They are to give a man a right to take his case out of court when no one else will be prejudiced by his doing so. The situation is quite different when answers have been filed, especially if a counterclaim is included. It is likewise an increasingly burdensome matter to one's opponent if a case has been prepared, trial date set and the party and his witnesses on hand and ready for trial. While it is quite true that the practice in many states has permitted a voluntary nonsuit as of right at advanced stages in the litigation, sometimes even after submission of a case to a jury, we think the object of the federal rules was to get rid of just this situation and put control of the matter into the hands of the trial judge.

"(3) The view that, except in the instances provided for, the grant or denial of voluntary dismissal without prejudice is a matter of judicial discretion has been accepted by the great

majority of the District Courts and the Courts of Appeals in this country. It is supported by the Supreme Court. The one notable exception is a recent opinion by our brethren in the Seventh Circuit in which it was said that the 'terms and conditions' are the only matter to which the trial court's discretion is to be applied. The view of this Circuit has already been expressed in a previous decision. We stated that the matter was one for the discretion of the trial judge. We are content to follow our previously expressed view, which is supported, as already indicated, by the great weight of authority. We follow it not only because it is the majority view but because we think it is right."

It is pointed out in the above case that the granting or denial of a voluntary dismissal without prejudice under Rule 41 of the Federal Rules of Civil Procedure, 28 U.S.C.A., which is identical with Rule 41 of our Rules of Civil Procedure, is a matter of judicial discretion which has been accepted by the great majority of the District Courts and the Courts of Appeals in this country. This view is likewise supported by the Supreme Court of the United States. See, Cone v. West Virginia Pulp and Paper Company, 330 U.S. 212, 67 S. Ct. 752, 91 L.Ed. 849; and in the case of Moore v. C. R. Anthony Co., 10 Cir., 198 F.2d 607, 608, the court said:

"While the rule has been construed as contended, see Bolten v. General Motors Corp., 7 Cir., 180 F.2d 379, 381, [21 A.L.R.2d 623] we think the majority and better reasoned view is to the effect that the power of the court to order a dismissal of a case without prejudice ' "upon such terms and conditions as the court deems proper" ' is a matter of judicial discretion, the exercise of which will not be disturbed on appeal in the absence of clear abuse. Walker v. Spencer, 10 Cir., 123 F.2d 347; Butler v. Denton, 10 Cir., 150 F.2d 687; Ockert v. Union Barge Line Corp., 3 Cir., 190 F.2d 303; Cone v. West Virginia Pulp & Paper Co., 330 U.S. 212, 217, 67 S.Ct. 752, 91 L.Ed. 849. The motion to dismiss came after the case had been tried and submitted, and the court had finally indicated its judgment. The avowed purpose of the Rule was to prevent the dismissal of cases without prejudice after trial and in the face of an impending unfavorable judgment. See 5 Moore's Federal Practice 1018. In the circumstances, we do not think the trial court abused its discretion in overruling the motion to dismiss."

Again in Walker v. Spencer, 10 Cir., 123 F.2d 347, 350, the court speaking through Judge Bratton, said:

"* * *. Still, it was merely averred in the motion that, after securing

necessary information, plaintiff did not have time to secure the depositions. That was only a conclusion of the pleader, not an allegation of facts showing the exercise of reasonable diligence in the premises.

"Rule of Civil Procedure 41(a) (1), 28 U.S.C.A. following section 723c, provides two methods by which a plaintiff may dismiss his action, but neither of them has application here. Paragraph (a) (2) provides that, except as provided in paragraph (a) (1), an action shall not be dismissed at the instance of plaintiff except upon order of the court and upon such terms and conditions as the court deems proper. That provision manifestly vests in the trial court a reasonable discretion in fixing the terms and conditions upon which a cause shall be dismissed. Here plaintiff sought to dismiss without prejudice. But in view of the time the case had been pending, in view of the failure of plaintiff to appear at the time and place fixed for the first pretrial conference, in view of the emphatic notice given plaintiff at the time of the pretrial conference that the case would be disposed of on February 3 and that it would not be dismissed, in view of the absence of any averment of facts constituting the exercise of reasonable diligence in the preparation of the case for trial after the holding of the pretrial conference, and in view of all the preceding and attending circumstances, it cannot be said that the court abused its sound judicial discretion in dismissing the suit with prejudice."

See, also, Hicks v. Bekins Moving and Storage Co., 9 Cir., 115 F.2d 406.

In view of the foregoing authorities it can be readily ascertained that the right of a plaintiff to dismiss his cause of action without prejudice under Rule 41(a) is entirely within the discretion of the court, and unless there is a clear abuse of discretion, the judgment of the trial court in denying a plaintiff the right to dismiss without prejudice, will not be disturbed on appeal.

It has generally been held that courts have the inherent power to dismiss a cause of action for failure to prosecute the same, independently of any existing statute. In City of Roswell v. Holmes, 44 N.M. 1, 96 P.2d 701, we said:

"In the first place, it is an inherent right of the courts and therefore one existing independently of any statute to dismiss a suit for failure to prosecute it with diligence. * * * This is affirmed by counsel for both parties in the case at bar."

The appellant is in no position to complain. He had been warned and admonished on several occasions by the court to

take whatever depositions he desired and to get ready for trial. As early as February 27, 1952, he was granted a continuance for the express purpose of taking depositions, and was then again advised by the Court to get ready for trial. He was given every opportunity necessary to obtain the depositions he desired and to get ready for trial. Under these circumstances it cannot be said the court abused its discretion.

 Appellant under Point 2, complains of the failure of the court to make certain findings of fact and conclusions of law requested by it. It is sufficient to say that the court could not make the findings nor the conclusions based upon such findings because they would be inconsistent with the findings and conclusions which the court did make at the trial. Vance v. Forty-Eight Star Mill, 54 N.M. 144, 215 P.2d 1016; Bezemek v. Balduini, 28 N.M. 124, 207 P. 330; Lockhart v. Washington Gold & Silver Mining Co., 16 N.M. 223, 117 P. 833. In regard to appellants' objection to finding of fact No. 7, made by the court, it appears from an examination of the record that he did not object to this or any other finding made by the court, and under the well established rule findings of the court not objected to are the facts upon which the case must rest in this court. In re White's Estate, 41 N.M. 631, 73 P.2d 316; Wells v. Gulf Refining Co., 42 N.M. 378,

79 P.2d 921; Krametbauer v. McDonald, 44 N.M. 473, 104 P.2d 900. The other assignment of error argued under this point is without merit and will not be discussed.

The judgment is affirmed, and

It Is So Ordered.

McGHEE, COMPTON and SEYMOUR, JJ., concur.

SADLER, C. J., absent from state and not participating.