321 P.2d 638

Elmer PETTINE and Albert Pettine, doing business as Pettine Brothers, Plaintiffs-Appellees,

v.

Alfred E. ROGERS and Gertrude M. Rogers, Defendants-Appellants.

No. 6317.

Supreme Court of New Mexico.

Feb. 6, 1958.

the appellant answered and counterclaimed for damages for faulty construction. On June 14, 1955, a partial judgment was rendered resolving the issues in the complaint but reserving the counterclaim for a trial on the merits. On September 19, 1956, the appellee moved for dismissal of the counterclaim with prejudice under 21-1-1(41) (e) NMSA 1953 Comp. for failure to bring the action to a final determination within two years. The motion was set for hearing on February 19, 1957, at which time the appellant appeared and asked for a continuance to obtain a new attorney. On April 18, and May 7, 1957, the appellant was notified by the court to obtain counsel, and on May 7 an attorney appeared for appellant. On June 19, 1957, the court dismissed the counterclaim under (41) (e) and under the inherent power of the courts to dismiss causes for failure to prosecute as at no time in the more than three years since the filing of the counterclaim had the appellant asked that the case be set for trial. The appellant urges that the trial judge abused his discretion in dismissing and that the facts of the case place it outside the operation of rule (41) (e).

Dean S. Zinn, Santa Fe, for appellants.

Roberto L. Armijo, Las Vegas, for appellees.

McGHEE, Justice.

· On May 29, 1954, the appellee filed suit against the appellant on a promissory note for construction work. On August 4, 1954, Rule (41) (e) allows a party to move for a dismissal with prejudice when the claimant has failed to take any action to bring his cause to a final determination for two years after the filing of said action unless a written stipulation extending the time signed by both parties has been filed.

The section was interpreted in Ringle Development Corporation v. Chavez, 1947, 51 N.M. 156, 159, 160, 180 P.2d 790, 792, where we affirmed dismissal of a case delayed for more than two years because of the absence from the jurisdiction of two material witnesses in the armed forces.

"* * * Except where the time is tolled by statute, such as the Soldiers' and Sailors' Relief Act of 1940, § 201, 50 U.S.C.A.Appendix, § 521, or unless process has not been served because of inability to execute it on account of the absence of the defendant from the state, or his concealment within the state, or unless for some other good reason, the plaintiff is unable, for causes beyond his control, to bring the case to trial, the provision is mandatory."

The only exception available to the appellant to escape a mandatory dismissal is the last one. As causes beyond his control appellant urges that his first attorney withdrew, his second attorney left the state, one judge was disqualified, the appointed judge's term expired and two months elapsed before a new judge was appointed. However, at all times, the appellant could have acted toward bringing his case to trial by obtaining a new attorney. Although there was a presiding district judge designated to hear the case at all times except for three months, this contention is now immaterial since more than two years had elapsed since the final designation.

The appellant relies on Vigil v. Johnson, 1955, 60 N.M. 273, 275, 291 P.2d 312, 313.

"While the provision for dismissal is mandatory, it does not arbitrarily require the proceeding to be terminated in two years. The period may be extended by written stipulation of the parties and there are other exceptions to the rule. Ringle Development Corporation v. Chavez, 1947, 51 N.M. 156, 180 P.2d 790."

The citation of the Ringle case to show that there are exceptions to rule (41) (e) would limit the exceptions mentioned in the Vigil case to those pointed out in the Ringle case, and the facts in the present case fall outside the exceptions in the Ringle case.

The appellant urges that the partial judgment reserving the counterclaim for a trial on the merits stopped the running of the two year limitation. However, more than two years had elapsed since the partial judgment before the filing of the motion to dismiss. The partial disposition of the case merely eliminated some of the issues to be later tried but had no effect, in itself on (41) (e), as it in no way delayed or hindered the appellant in bringing his case to trial. The duty rests upon the claimant at every stage of the proceeding to use diligence to expedite his case. Emmco Ins. Co. v. Walker, 1953, 57 N.M. 525, 260 P.2d 712.

The trial judge has inherent powers to dismiss a cause for failure to prosecute the same independent of any existing statute, and unless there has been an abuse of discretion the trial court's dismissal will not be disturbed on appeal. City of Roswell v. Holmes, 1939, 44 N.M. 1, 96 P.2d 701; Emmco Ins. Co. v. Walker, 1953, 57 N.M. 525, 260 P.2d 712.

At all times the appellant could have acted to bring his case to a final determination by employing new counsel and bringing to the attention of the trial court the necessity of having the case heard to avoid the two year limitation, which, if not avoided, operates as a statute of limitations. Eager v. Belmore, 1949, 53 N.M. 299, 207 P.2d 519; City of Roswell v. Holmes, 1939, 44 N.M. 1, 96 P.2d 701.

It should be noted present counsel for appellant did not enter the case until after the filing of the motion to dismiss.

Since the appellant has at no time in the three years since the filing of his counterclaim done anything toward bringing his claim to trial the lower court was warranted in dismissing after the two year lapse either under the inherent power of the courts to keep their dockets clear or under Rule (41) (e). The judgment is affirmed. It is so ordered.

LUJAN, C. J., and COMPTON and KIKER, JJ., concur.

SADLER, J., not participating.