389 P.2d 205

**J. L. BALLARD, d/b/a Ballard Plumbing Company, Plaintiff-Appellant,**

v.

**Michael P. MARKEY, and Mildred S. Markey, his wife, Defendants-Appellees.**

No. 7335.

Supreme Court of New Mexico.

Feb. 3, 1964.

R. F. Deacon Arledge, Warren F. Reynolds, Albuquerque, for appellant.

Rodey, Dickason, Sloan, Akin & Robb, Charles B. Larrabee, Albuquerque, for appellees.

COMPTON, Chief Justice.

This appeal is from an order granting the defendants' motion to dismiss the plaintiff's complaint for lack of prosecution for a period of two years under Rule 41(e) of our Rules of Civil Procedure, § 21–1–1(41) (e), N.M.S.A.1953.

The rule provides:

"(1) In any civil action or proceeding pending in any district court in this state, when it shall be made to appear to the court that *the plaintiff therein or any defendant filing a cross-complaint therein has failed to take any action to bring such action or proceeding to its final determination for a period of at least two [2] years after the filing of said action* or proceeding or of such cross-complaint unless a written stipulation signed by all parties to said action or proceeding has been filed suspending or postponing final action therein beyond two [2] years, any party to such action or proceeding may have the same dismissed with prejudice to the prosecution of any other or further action or proceeding based on the same cause of action set up in the complaint or cross-complaint by filing in such pending action or proceeding a written motion moving the dismissal thereof with prejudice." (Emphasis ours.)

The cause had previously come to us on appeal from a summary judgment for defendants, and had been reversed and remanded to the trial court "with direction to reinstate the case upon your docket and proceed in a manner not inconsistent with said opinion and the judgment of this court." Ballard Plumbing Co. v. Markey, 66 N.M. 265, 346 P.2d 1045. The mandate was filed December 11, 1959, and, after a lapse of a period of two years with no further action being taken therein, the present order was granted dismissing the complaint. The sole question, therefore, is the applicability of the rule.

The law is well settled that dismissal under Rule 41(e) is mandatory after the passage of two years from the filing of the action, unless the time is tolled by certain well-defined exceptions. Sender v. Montoya, N.M., 387 P.2d 860; Ringle Development Corporation v. Chavez, 51 N.M. 156, 180 P.2d 790; Featherstone v. Hanson, 65 N.M. 398, 338 P.2d 298; Henriquez v. Schall, 68 N.M. 86, 358 P.2d 1001; Western Timber Products Co. v. W. S. Ranch Company, 69 N.M. 108, 364 P.2d 361. But Rule 41(e) has no application to a situation where the cause had been brought to a final determination in the district court, an appeal prosecuted, and a new trial ordered. Clark v. Carmody, 55 N.M. 5, 225 P.2d 696.

The appellees contend, however, that the reversal and remand by this court on the prior appeal, previously quoted, distinguishes Clark v. Carmody, supra. We disagree; this rule, by its express language, has no application to an action once it has been brought to a final determination in the district court. Whether that final determination is reached after a trial on the

merits or by way of summary judgment is unimportant.

■ In the present case appellees' motion to dismiss for lack of prosecution was based both on the terms of Rule 41(e) and on the common law power inherent in the court. The trial court, however, based its order granting the dismissal solely on the terms of Rule 41(e) which, for the reasons given above, was not applicable. Appellees take the view that even if the trial court erroneously dismissed the case under Rule 41(e) its action can be sustained on the basis of the exercise of its discretion, citing Pettine Bros. v. Rogers, 63 N.M. 457, 321 P.2d 638 and Henriquez v. Schall, supra. This position cannot be sustained; this is not a situation where the trial court reached the correct answer but gave the wrong reason therefor. Ortiz v. Gonzales, 64 N.M. 445, 329 P.2d 1027. While the facts may have justified the court in dismissing the complaint under the exercise of its discretion, no discretion was exercised and there is nothing before us on this question to review. Compare Sproles v. McDonald, 70 N.M. 168, 372 P.2d 122.

It should be borne in mind that we are here dealing only with the application of Rule 41(e). Nothing we have said is intended nor does it in any manner effect the inherent power of the court, independent of any statute, to dismiss a cause for failure to prosecute. City of Roswell v. Holmes, 44 N.M. 1, 96 P.2d 701; Pettine Bros. v.

Rogers, supra and Henriquez v. Schall, supra. And, a trial court's decision, by virtue of its inherent power, dismissing an action for lack of prosecution will not be disturbed on appeal in the absence of a showing of abuse of discretion. Emmco Ins. Co. v. Walker, 57 N.M. 525, 260 P.2d 712.

The order is reversed and the cause is remanded to the trial court with direction to reinstate the cause upon his docket and proceed in a manner not inconsistent herewith.

It is so ordered.

CARMODY and MOISE, JJ., concur.