396 P.2d 195

**Martha E. BAKER, Plaintiff-Appellant,**

**v.**

**Violet R. SOJKA, Defendant-Appellee.**

**No. 7487.**

Supreme Court of New Mexico.

Oct. 26, 1964.

John Hogan Stewart, Albuquerque, Annette Reese Quintana, Santa Fe, for appellant.

J. L. Leftow, Sutin & Jones, Albuquerque, for appellee.

CARMODY, Justice.

Plaintiff appeals from the trial court's order dismissing her complaint with prejudice.

Prior to any discussion of the merits of the appeal, we will dispose of a motion to dismiss grounded upon plaintiff's failure to comply with rule 5(5) (§ 21–2–1(5) (5), N.M.S.A.1953) in her notice of appeal.

The notice of appeal stated, "Plaintiff hereby gives notice that she is taking appeal in the above-entitled cause." Defendant urges that such a notice is deficient under the rule in failing to "designate the judgment, order or part thereof appealed from. * * *"

Although our rule 5(5) is not identical with rule 73(b) of the federal rules of civil procedure, it was patterned from the federal rule in an effort to bring our

procedure for taking an appeal in line with that utilized in the federal courts. Originally, the federal courts construed the provisions of rule 73(b) rather strictly, but following the decision of the Supreme Court of the United States in State Farm Mutual Automobile Ins. Co. v. Palmer, 1956, 350 U.S. 944, 76 S.Ct. 321, 100 L.Ed. 823, the circuit courts of appeal have liberalized their construction of the rule and hold that, even though the notice of appeal is deficient, if it is apparent therefrom that it is the intention of the appellant to appeal and if the appellee has not been misled, the notice of appeal will be sustained. See Railway Express Agency v. Epperson, (8th Cir. 1957), 240 F.2d 189; Nolan v. Bailey, (7th Cir. 1958), 254 F.2d 638; and Holz v. Smullan, (7th Cir. 1960), 277 F.2d 58. In other words, the seventh and eighth circuit courts are in agreement that the notice of appeal should be construed to reach the merits and not be dismissed by the use of strict or technical application of the rules. We believe the interpretation given the rule in the above-cited cases should be applied to the notice of appeal in this case.

In the instant case, the intent of the plaintiff is plain from the notice that she wished to take an appeal, and in view of the fact that there was only the one order by the trial court, the defendant could not have been misled by the defect. Although the defendant cites numerous cases in support of the motion, they are all distinguishable in that the notice was not timely, or there were several appealable orders, and the appellate court was unable to infer the appellant's intent from the text of the notice. Here, the notice was timely filed and, as stated, there was only the one order from which an appeal could be taken. Therefore, the motion to dismiss the appeal is denied.

The issue on the merits relates to the claimed arbitrary refusal by the trial court to consider a motion for continuance and whether its dismissal of the complaint with prejudice constitutes an abuse of judicial discretion.

Plaintiff had filed suit in the district court of Bernalillo County, seeking damages as a result of an automobile accident. The case was originally set for jury trial in April 1963, but was continued because of plaintiff's illness. At plaintiff's request, the case was reset for hearing as the first case to be tried to a jury on June 17, 1963. Three days before the time set for trial, counsel for plaintiff orally sought a continuance, but the judge told him the continuance would not be granted. On the day set for trial, another firm of attorneys appeared in court on behalf of plaintiff and filed a motion seeking to have the setting vacated on the ground that plaintiff was absent from the state due to the illness of her daughter-in-law, and, secondly, that an expert witness was on vacation and therefore un-

available. Attached to this motion was an affidavit from the original attorney, stating nothing other than that an expert witness was on vacation and not expected back until July 8th and that the witness was essential in the trial of the case. There was also attached to the motion to vacate a telegram from the plaintiff from Oklahoma, to the effect that she had been called there concerning the illness of her son's expectant wife and that it was impossible for her to return to Albuquerque at the time. The trial court denied the motion and made a finding "that no good and sufficient cause appears to delay the trial or to vacate the hearing on its merits." Thereupon, the jury panel being present and the defendant being ready for trial, the court entered its order of dismissal with prejudice.

█ We have many times held that the district court has inherent power to dismiss a case for failure to prosecute, independent of statute, and unless there has been an abuse of discretion, the trial court's dismissal will not be disturbed upon appeal. See City of Roswell v. Holmes, 1939, 44 N.M. 1, 96 P.2d 701; Emmco Ins. Co. v. Walker, 1953, 57 N.M. 525, 260 P.2d 712; Pettine v. Rogers, 1958, 63 N.M. 457, 321 P.2d 638; Henriquez v. Schall, 1961, 68 N.M. 86, 358 P.2d 1001; and Gilman v. Bates, 1963, 72 N.M. 288, 383 P.2d 253.

█ The motion to vacate the setting, which was, in effect, a motion for continuance, was not in substantial compliance with §§ 21-8-7 to 21-8-11, N.M.S.A.1953. It was not under oath and completely failed to set forth any particular facts which the witness or witnesses might prove; no information was given in the motion nor in the argument by counsel as to when the plaintiff first left New Mexico, nor how long she had been away; there is no showing of any diligence as to why the expert witness had not been subpoenaed or his deposition taken prior to trial; nor is there anything in the motion or the affidavit attached thereto as to the facts to which the expert witness would testify.

Although plaintiff characterizes the action of the trial judge as "arbitrary and unprecedented," it would seem to us that the ruling made by the trial court resulted from the lack of diligence in the prosecution of the case by plaintiff. Not only is there not a showing of any clear abuse of discretion, but, on the contrary, we believe the action of the trial court was a proper exercise of its judicial discretion.

To avoid any misunderstanding, we note that counsel for the appellant in this court were not the attorneys for the plaintiff in the trial court.

The order appealed from will be affirmed. It is so ordered.

CHAVEZ and NOBLE, JJ., concur.