This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**THE BANK OF NEW YORK
MELLON TRUST COMPANY,
NATIONAL ASSOCIATION, as
Grantor Trustee of the PROTIUM
MASTER GRANTOR TRUST,**

      Plaintiff-Appellant,

v.

**No. A-1-CA-36738**

**GINA SCHMIDT,**

      Defendant-Appellee,

**KAREN VANDIVER, ESQ., and
TANOAN COMMUNITY ASSOCIATION,
INC.,**

      Defendants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Carl J. Butkus, District Judge**

Houser & Allison APC
Solomon S. Krotzer
Lindsay K. Griffel
Albuquerque, NM

for Appellant

Gina Schmidt
Albuquerque, NM

Pro Se Appellee

### MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Plaintiff Bank of New York (Bank) appeals the district court's denial of its motion for relief under Rule 1-060(B) NMRA (2013)[1], seeking reinstatement of the judgment-enforcement portion of its mortgage foreclosure case. That portion of the case was dismissed without prejudice under Rule 1-041(E)(2) NMRA for lack of prosecution, and the district court refused to reinstate the case at the Bank's request under the same rule provision. We affirm the district court's decision, not because the dismissal was substantively correct, but because Bank failed to timely challenge the court's denial of its motion to reinstate the action under Rule 1-041(E)(2).

## SUMMARY OF PROCEEDINGS

**{2}** At the outset, we observe that this appeal is atypical given that it does not arise as a consequence of the success or failure of the foreclosure action itself. Rather, here the parties stipulated to entry of a judgment of foreclosure, leaving only the *enforcement* of that judgment to be carried out through judicial sale of the property. It is the judicial sale portion of the foreclosure action, and that portion only, that the district court dismissed—*without* prejudice under Rule 1-041(E)(2)—based upon the Bank's post-judgment inactivity. Thus, the parties agree that Bank possesses a valid judgment of foreclosure, and given the non-prejudicial nature of the dismissal, it would appear that nothing precluded Bank from initiating a new action to enforce that judgment. *See, e.g., Bankers Tr. Co. of Cal., N.S. v. Baca*, 2007-NMCA-019, ¶¶ 7-10, 141 N.M. 127, 151 P.3d 88 (holding that dismissal without prejudice followed by denial of motion to reinstate does not prevent a party from filing a new action); *Bralley v. City of Albuquerque*, 1985-NMCA-043, ¶ 18, 102 N.M. 715, 699 P.2d 646 ("The words 'without prejudice' when used in an order or decree generally indicate that there has been no resolution of the controversy on its merits and leave the issues in litigation open to another suit as if no action had ever been brought."). Instead, Bank opted to seek relief from judgment under Rule 1-060 and now to pursue an appeal from the denial of that motion.

**{3}** Given the circumstances before us, the timeline in this case is crucial to our decision and therefore where we begin. Bank filed a foreclosure complaint on June 21, 2011. The district court first dismissed the complaint for lack of prosecution on September 12, 2012. The district court reinstated the complaint on January 29, 2013, on Bank's motion. The district court again dismissed the complaint for lack of prosecution on October 4, 2013, and again at Bank's request, reinstated the complaint on October 23, 2013.

**{4}** The district court entered the stipulated foreclosure judgment agreed to by the parties on December 2, 2013. The record reflects that Defendant received a significant benefit from that judgment because under its terms she was relieved of any possible liability for a deficiency judgment following sale of the house subject to the mortgage. The judgment appointed a special master to hold a judicial sale of the house, and a notice of sale was subsequently issued on January 24, 2014. The sale was held on

---

[1]The current version of Rule 1-060 was last amended in 2017. For the purposes of this opinion we are referring to the 2013 version of Rule 1-060.

February 28, 2014. Afterward, however, nothing happened in the case for eight months, when the district court again, for a third time on October 28, 2014, dismissed the case without prejudice under Rule 1-041(E)(2). As provided by that rule, the order stated that a motion for reinstatement could be filed within thirty days. The order also expressly provided that all judgments and orders previously entered in the case "shall remain in full force and effect unless otherwise ordered."

{5}     Bank did not move within thirty days to have the case reinstated. The parties agreed below that this failure was due to the fact that the Castle law firm, which had been representing Bank in the matter, had dissolved prior to entry of the dismissal. New counsel for Bank entered their appearance on June 1, 2015, and filed a motion to reinstate the case on June 11, 2015, seven and a half months after the dismissal was filed.

{6}     On August 10, 2015, the special master submitted her report requesting confirmation of the judicial sale. Rather than reinstating the case as Bank sought and confirming the sale, the district court denied Bank's motion for reinstatement on August 20, 2015. The district court stated it denied the motion because it was untimely under Rule 1-041(E)(2) as it was not filed within thirty days. Significantly, Bank did not appeal this denial, and instead waited ten months, until June 23, 2016, to file a motion to reopen under Rule 1-060(B). Bank has not explained, either below or on appeal, its failure to appeal the dismissal itself or the denial of reinstatement. The district court denied Bank's Rule 1-060(B) motion on September 8, 2017. It is from this order that Bank appeals.

**DISCUSSION**

{7}     We first note that Bank has made two arguments on appeal that were not raised below, and which we therefore do not consider. Bank first argues the district court erred as a matter of law in dismissing the case, because the stipulated foreclosure judgment was a "final determination." Bank relies on *Ballard v. Markey*, 1964-NMSC-021, ¶ 3, 73 N.M. 437, 389 P.2d 205, in which our Supreme Court stated that a previous version of Rule 1-041(E) "has no application to a situation where the cause had been brought to a final determination in the district court, an appeal prosecuted, and a new trial ordered." This argument raises difficult issues such as the bifurcated nature of foreclosure proceedings, *see Speckner v. Riebold*, 1974-NMSC-029, ¶¶ 8-9, 86 N.M. 275, 523 P.2d 10 (stating that "there are two separate adjudications in a suit to foreclose a mortgage[,]" the foreclosure adjudication and the enforcement of that judgment to sell the foreclosed property), as well as differences in the procedural posture between this case and *Ballard*, because this case does not involve a completed appeal or an order for a new trial. We need not address these issues because Bank did not assert an argument based upon *Ballard* or the proposition for which *Ballard* stands in either its briefing or arguments in district court. Specifically, Bank made no argument bearing in any way upon its contention on appeal that the foreclosure judgment itself was a "final determination" under *Ballard* or any other authority. We do not consider this argument further because a party must preserve error for appeal by fairly invoking a ruling of the

trial court on the same grounds as those argued in this Court. *See* Rule 12-321 NMRA ("To preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked."); *Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 24, 314 P.3d 688.

**{8}**     Similarly, Bank now argues that based upon Defendant's stipulation to the foreclosure judgment, she should have been estopped from opposing reinstatement of the case. Bank reiterates, and it is undisputed, that Defendant received a significant benefit from the stipulated foreclosure judgment by obtaining Bank's agreement that Defendant would not be liable for a deficiency between the balance owed on the loan and the sale price of the house at the judicial sale. Bank argues that as a result, Defendant should have been barred by principles of judicial or equitable estoppel from presenting any sort of opposition to the enforcement of the foreclosure judgment to which she had agreed. This argument, however, was not adequately raised in the district court. Bank did not mention the word "estoppel" in any pleading filed with that court, or in either of the hearings held on the Rule 1-060(B) motion Although Bank did discuss the inequity of allowing Defendant to remain in the house, rent free, despite her stipulation to the foreclosure judgment, the discussions were not in the context of an estoppel argument. We conclude Bank did not "fairly invoke a ruling" by the district court on either estoppel theory presented now on appeal. We therefore decline to address Bank's estoppel arguments. *See Benz*, 2013-NMCA-111, ¶ 24.

**{9}**     Bank did strenuously argue below, and argues again on appeal, that the district court's initial dismissal of the case for lack of prosecution under Rule 1-041(E)(2) was erroneous because the inaction that occurred in the case was not inaction by the Bank, but by the district court itself. After all, reasons Bank, the special master was acting as an arm of the court, and the special master was the one who held up the case by failing to file the report after the sale was held. While we need not decide this issue for the reasons discussed below, Bank's argument is essentially that a special master is appointed by a district court under Rule 1-053 NMRA, to carry out duties as assigned by the court. One of those duties is to prepare a report for the court; the court may adopt or reject the report. Rule 1-053(E). However, we need not definitively decide whether the initial dismissal of the case was wrong; therefore we assume without deciding the district court erred in dismissing the case under Rule 1-041(E)(2).

**{10}**     Bank also argues that the district court should have granted its motion to reinstate the case under Rule 1-041(E)(2). The court denied the motion, as noted above, on the basis of untimeliness—the motion was filed more than thirty days after the dismissal, and Rule 1-041(E)(2) allows a party only thirty days in which to file its motion to reinstate. Bank contends this strict application of the thirty-day deadline elevated form over substance and should be reversed. Specifically, Bank filed a motion under Rule 1-041(E)(2), asserting that its failure to move to reinstate the case within thirty days was due to neglect by its former counsel, whose law firm had dissolved. When a party files a motion requesting relief, the nomenclature used in the motion does not matter; relief should be granted if the substance of the motion justifies such action. *See Century Bank v. Hymans*, 1995-NMCA-095, ¶ 10, 120 N.M. 684, 905 P.2d 722

("The movant need not cite the provision authorizing the motion; the substance of the motion, not its title, controls."); *see also Phelps Dodge Corp. v. Guerra*, 1978-NMSC-053, ¶ 18, 92 N.M. 47, 582 P.2d 819 ("The manner in which the relief is requested and the nomenclature used is not significant."). This was a straightforward argument of excusable neglect, falling squarely within the provisions of Rule 1-060(B)(1). For purposes of this opinion we assume the district court should have ignored the fact that the motion cited only Rule 1-041(E), should have treated it as a Rule 1-060(B)(1) motion to reopen the dismissed case, and further, we assume without deciding, the district court should have granted the motion.

**{11}** We now reach the crux of this opinion. To reiterate, we assume without deciding that the district court erred in dismissing the case in the first place, and erred again in denying Bank's motion to reinstate the case. Bank, however, failed to appeal either decision. Instead, Bank waited a number of months and then filed the Rule 1-060(B) motion that is the subject of this appeal. The grounds for that motion were, in summary, that the district court erred because the only inaction in the case was that of the special master; that it would be manifestly unjust to allow Defendant to continue living in the house rent-free after she stipulated to the foreclosure judgment; and that the motion to reinstate should not have been denied on purely procedural grounds, but should have been treated as a Rule 1-060(B) motion. In short, Bank's motion was based on claims of judicial error. There is a clear line of cases in New Mexico holding that when a Rule 1-060(B) motion is based on judicial error, the motion must be filed within the thirty days allotted by our rules for filing an appeal. *See Resolution Tr. Corp. v. Ferri*, 1995-NMSC-055, ¶¶ 8-9, 120 N.M. 320, 901 P.2d 738 (approving principles enunciated by the Court of Appeals in a prior case, that a mistake of law committed by the district court falls under the aegis of Rule 1-060(B)(1) and that a motion based on such a mistake must be filed before the time for filing an appeal expires); *L.D. Miller Constr., Inc. v. Kirschenbaum*, 2017-NMCA-030, ¶ 13, 392 P.3d 194; *Deerman v. Bd. of Cty. Comm'rs*, 1993-NMCA-123, ¶¶ 15-16, 116 N.M. 501, 864 P.2d 317. The rationale for this rule is that Rule 1-060(B) is not to be used as a substitute for an appeal, but to correct errors that for one reason or another could not be corrected on direct appeal. *See Ferri*, 1995-NMSC-055, ¶ 8; *Deerman*, 1993-NMCA-123 at ¶¶ 15-16, 23. If a party were allowed to miss the deadline for filing an appeal, and then raise a legal error by the district court as the basis for a Rule 1-060(B) claim at a subsequent date, Rule 1-060(B) "would likely degenerate into a mere substitute for appeal and completely subvert the principle of finality." *Deerman*, 1993-NMCA-123, ¶ 23 (quoting with approval Richard M. Lipton, Note, *Federal Rule of Civil Procedure 60(b): Standards for Relief from Judgments Due to Changes in Law*, 43 U. Chi. L. Rev. 646, 650 (1976)).

**{12}** As we stated above, Bank has not explained, either below or on appeal, why it did not appeal the order of dismissal or denial of its motion to reinstate the case. The same law firm represented Bank in both the motion to reinstate and the subsequent Rule 1-060(B) motion, and there is no indication Bank's counsel was prevented from appealing by circumstances beyond their control. *See, e.g.*, *Deerman*, 1993-NMCA-123, ¶ 21 ("To establish extraordinary circumstances justifying their belated motion to set aside the judgment in this case, [movants] would have to show at the least that they

were precluded from presenting in a timely manner the grounds for relief raised in their motion under Rule 60(B).”). As far as the record reveals, Bank's counsel simply did not appeal, either through deliberate choice or due to simple neglect. Under circumstances like these, Rule 1-060(B) cannot be used to save a party from its failure to appeal. *See Ferri*, 1995-NMSC-055, ¶ 9; *Deerman*, 1993-NMCA-123, ¶ 23. All of the errors alleged in Bank's Rule 1-060(B) motion could have been corrected upon direct appeal of the order denying reinstatement of the case. To now address those claimed errors would allow Bank to substitute the Rule 1-060(B) motion for the appeal it should have pursued.

**{13}** To the extent Bank would attempt to rely on Rule 1-060(B)(6) to avoid this result, we point out that such an attempt runs afoul of both *Ferri* and *Deerman*. Both cases state firmly that motions to reopen based on judicial error fall in the category of Rule 1-060(B)(1) motions, and Rule 1-060(B)(6) cannot be used to request relief that would have been available under Rule 1-060(B)(1) had a timely motion been filed under that subsection. *Ferri*, 1995-NMSC-055, ¶ 10; *Deerman*, 1993-NMCA-123, ¶ 17.

**{14}** The district court applied this reasoning when it denied Bank's Rule 1-060(B) motion and we accordingly affirm.

**CONCLUSION**

**{15}** Based on the foregoing, we affirm the district court's denial of Bank's motion for relief from the district court's order dismissing the judicial sale portion of the foreclosure proceeding without prejudice.

**{16} IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Chief Judge**

**J. MILES HANISEE, Judge**