334 P.2d 1118

STATE HIGHWAY COMMISSION of New Mexico, and L. D. Wilson, Chief Highway Engineer, Plaintiffs-Appellants,

v.

SOUTHERN UNION GAS COMPANY, a Delaware Corporation, Defendant-Appellee.

Nos. 6425, 6427.

Supreme Court of New Mexico.

Feb. 3, 1959.

Rehearing Denied Dec. 30, 1958.

Motion for Leave to File Second Motion for Rehearing Denied Feb. 3, 1959.

Fred M. Standley, Atty. Gen., Robert F. Pyatt, Asst. Atty. Gen., John T. Watson, Robert E. Fox, Santa Fe, Charles C. Spann, Sp. Asst. Attys. Gen., for appellants.

Manuel A. Sanchez, Santa Fe, Noble & Noble, Las Vegas, Willis L. Lea, Jr., James R. Wetherbee, Dallas, Tex., for appellee.

McGHEE, Justice.

The appellee has filed a motion asking permission to file a second motion for rehearing in which it attacks the last sentence of Section 1(A) of Chapter 237, Laws of 1957, § 55–7–18, N.M.S.A.1953, 1957 Pocket Supp. on the ground that it is unconstitutional because there is no provision for a hearing before the State Highway Engineer, and then before a court in the event of dissatisfaction on the part of the

218

utility with the decision of the engineer. The sentence reads:

"In all cases where the widening, improvement, reconstruction, or maintenance of the highway shall necessitate the relocation of pole lines, pipelines, conduit, wires, cables and other equipment and appliances of a utility (hereinafter called 'facilities') located over, under, upon, along or adjacent to such highway right-of-way, the owner thereof shall within thirty (30) days after receiving notice in writing from the state highway engineer of the necessity of such relocation proceed to make the relocation in conformity with . the reasonable regulations of the state highway engineer."

The constitutionality of this section was not raised below nor here until permission was sought to file the second motion for rehearing, and will not now be permitted, especially in view of the fact that this provision has been in our laws since the year 1939. See § 55–7–18, N.M.S.A.1953. Also, to allow such filing would be contrary to our long established appellate procedure.

It is ordered, McGHEE and COMPTON, JJ., and GALLEGOS, D. J., concurring, that the motion be and hereby is denied.