338 P.2d 298

Olen F. FEATHERSTONE, Plaintiff-Appellant,

v.

Ernest A. HANSON, Defendant-Appellee.

No. 6510.

Supreme Court of New Mexico.

April 24, 1959.

Frazier & Cusack, Roswell, for appellant.

Hervey, Dow & Hinkle, George H. Hunker, Jr., James T. Jennings, Roswell, for appellee.

CARMODY, Justice.

This is an appeal from the action of the district court in dismissing a cause of action under the provisions of § 21–1–1(41)(e), N.M.S.A. 1953 Comp.

The complaint in the case was filed on the 7th of March, 1955, and issue was originally joined by answer thereto on the 15th of April, 1955. Subsequently, on the 13th of December, 1955, an amended complaint was filed which was answered by the defendant on January 23, 1956. On July 18, 1958, motion to dismiss under the statute was filed, and on September 5, 1958, an order was entered dismissing the cause with prejudice.

Plaintiff-appellant seeks a reversal of this ruling on the ground that the trial court should have exercised its discretion and found that the plaintiff did not come within the mandatory provisions of the statute on the following grounds: (a) That the plaintiff had taken every possible action to bring this cause to its final determination; (b) that plaintiff was unable for causes beyond his control to bring the case to trial; and (c) that the defendant by continuing the litigation after two years from the date of the original complaint either waived his right or is estopped from seeking a motion to dismiss.

The plaintiff filed an answer to the motion to dismiss and incorporated therein an affidavit setting forth circumstances which he contends prevented the case from being brought to trial. These circumstances consisted, in part, in the discharge of his original attorneys slightly more than two years after the filing of the original complaint, the employment of a second firm of attorneys who represented the plaintiff for approximately a year and then withdrew about six weeks before the motion to dismiss was filed, and that on several occasions during the pendency of the case the

plaintiff sought to have his attorneys dispose of the case or have it brought to trial. (The attorneys who now represent the plaintiff on appeal entered their appearance on his behalf approximately five weeks after the filing of the motion to dismiss).

The statute or rule involved herein is as follows: 21–1–1(41)

"(e) Dismissal Of Action With Prejudice.

"(1) In any civil action or proceeding pending in any district court in this state, when it shall be made to appear to the court that the plaintiff therein or any defendant filing a cross-complaint therein has failed to take any action to bring such action or proceeding to its final determination for a period of at least two [2] years after the filing of said action or proceeding or of such cross-complaint unless a written stipulation signed by all parties to said action or proceeding has been filed suspending or postponing final action therein beyond two [2] years, any party to such action or proceeding may have the same dismissed with prejudice to the prosecution of any other or further action or proceeding based on the same cause of action set up in the complaint or cross-complaint by filing in such pending action or proceeding a written motion moving the dismissal thereof with prejudice."

■ This section has been considered by us in Ringle Development Corporation v. Chavez, 1947, 51 N.M. 156, 180 P.2d 790, and in Pettine v. Rogers, 1958, 63 N.M. 457, 321 P.2d 638, and we reaffirm what was said therein and find as to the plaintiff's first two contentions that they are not well taken.

■ With respect to the third assertion, claiming either a waiver or estoppel, it is agreed by the parties that there was never any agreement or apparently even discussion between any of the attorneys with respect to a stipulation of waiver of the two-year limitation. Actually, the only claim of consequence upon which plaintiff relies is the fact that after the two-year statute had run from the date of the filing of the original complaint, plaintiff's original attorneys were discharged, new attorneys employed, settlement negotiations entered into, depositions of the parties taken, and substantial sums paid by the plaintiff to his new attorneys for fees and costs. It should be mentioned that, according to the correspondence between plaintiff and his new attorneys, one of the main purposes of the taking of the depositions was in order that the new attorneys could competently advise the plaintiff as to the possible outcome of the litigation.

We fail to see anything in any of the actions on behalf of the defendant which would create an estoppel. There is nothing before us to even intimate any promise, du-

ty or holding out on the part of the defendant upon which the plaintiff relied which could in this case bring the doctrine of estoppel to bear. Plaintiff's situation was not worsened by reason of any of the acts of the defendant. See State ex rel. Fitzhugh v. City Council of Hot Springs, 1952, 56 N.M. 118, 241 P.2d 100; Continental Pacific Lines v. Superior Court, 1956, 142 Cal.App.2d 744, 299 P.2d 417; and Ruby v. Wellington, Cal.App.1958, 327 P.2d 586. Certainly, the defendant cannot be held responsible for plaintiff's difficulty, whatever it was, with his own highly reputable attorneys.

 In view of our prior pronouncements with respect to the statute, we are unable to find in this case anything which would amount to a waiver on the part of the defendant to file his motion. There was no conduct on the part of the defendant causing any actual delay. The fact that the defendant did not file his motion immediately upon the expiration of the two years is certainly not a waiver. There is no duty on the part of the defendant to bring the case to trial, this responsibility being entirely upon the plaintiff, and the plaintiff failed to do so. See Emmco Ins. Co. v. Walker, 1953, 57 N.M. 525, 260 P.2d 712; and Pettine v. Rogers, supra.

██ The mere fact that the plaintiff admittedly, by correspondence with his attorney and at least some correspondence between the attorneys for the respective parties, sought to have the case expedited does not satisfy the provisions of the rule. Apparently, there was never at any time any suggestion made that a stipulation as provided by the statute be entered into by the parties, nor was there ever, insofar as disclosed by the transcript, any motion or other action sought of the court to bring the proceedings to a final determination. Actually, according to the transcript, the entry of the order approving the withdrawal of the second group of attorneys on June 11, 1958, followed by the motion to dismiss on July 18, 1958, was the only time that any action was taken which would call this matter to the attention of the trial court subsequent to the entry of the trial court's order on December 2, 1955, allowing the filing of an amended complaint.

The plaintiff strongly urges that the strict construction of the statute as heretofore adopted by us is not followed in other jurisdictions except California. However, an examination of the authorities cited by the plaintiff makes it apparent that in most of the jurisdictions relied upon, the statute or the rule is a permissive one utilizing the word "may," or in some instances there has been a consistent liberal construction of the statute extending over a long period of years. We realize that the California decisions are based upon a somewhat different statute, there being a permissive dismissal after two years and a mandatory dis-

missal after five years. The basic difference, however, between the California statute and our rule is the difference in time limit, for otherwise both statutes have been construed to be mandatory.

 The written stipulation mentioned in the rule was placed there for a definite purpose, and the statement with respect thereto as made by the Supreme Court of California in Miller & Lux, Inc. v. Superior Court, 1923, 192 Cal. 333, 219 P. 1006, 1008, is particularly applicable to the instant case:

"The provision that a written stiplation be entered into was intended to preclude all disputes, with their attendant charges and counter charges of overreaching and unethical conduct, by a requirement that clear and uncontrovertible evidence be presented to the court that the statutory time was deliberately intended to be extended by both parties."

We hold that the statute or rule, subject to the exceptions stated in Ringle Development Corporation v. Chavez, supra, is mandatory and, absent the filing of a stipulation of extension, or some showing in the court file itself which shows diligence on the part of the plaintiff to bring the action to trial, or a definite showing, upon which plaintiff relied, which would estop the defendant from meritoriously filing a motion to dismiss, that after two years from the date of the filing of the original complaint the trial court has no discretion except to dismiss the case.

Finding no error in the trial court's ruling, the judgment will be affirmed. And It Is So Ordered.

LUJAN, C. J., and SADLER, McGHEE and COMPTON, JJ., concur.