364 P.2d 361

**WESTERN TIMBER PRODUCTS COMPANY, a corporation, Plaintiff-Appellant,**

v.

**W. S. RANCH COMPANY, a corporation, Defendant-Appellee.**

No. 6859.

Supreme Court of New Mexico.

Aug. 23, 1961.

Wright & Kastler, Raton, for appellant.

Robertson & Skinner, Raton, Seth, Montgomery, Federici & Andrews, Santa Fe, for appellee.

CHAVEZ, Justice.

This is an appeal from a judgment of dismissal entered by the trial court upon defendant's motion filed pursuant to Rule 41(e), § 21-1-1(41) (e), N.M.S.A., 1953 Comp.

Plaintiff's (appellant's) complaint was filed on December 6, 1957, in the district court of Colfax County. Defendant (appellee) filed its answer on January 6, 1958. On January 7, 1958, appellant filed demand for jury trial. Interrogatories by appellant to appellee were filed on January 15, 1958, and appellee's answers to said interrogatories were filed on January 23, 1958. On March 26, 1958, appellee filed interroga-

tories to be answered by appellant. Appellant filed answers to said interrogatories on January 11, 1960. On April 22, 1958, the resident judge filed an order of recusation. On November 12, 1958, the clerk of the district court filed a certificate of mailing to the Supreme Court that more than seven days had elapsed since the filing of the order of recusation and counsel had failed to agree upon a judge to try said cause. On December 11, 1958, the Chief Justice of the Supreme Court designated another judge. On January 14, 1960, appellee filed its motion to dismiss, and on June 16, 1960, the trial court, after considering the files in the case, including affidavits, interrogatories and answers thereto, and after hearing evidence on behalf of appellee, found the issues for the appellee and rendered judgment dismissing appellant's complaint with prejudice, for the reason that appellant had failed to take any action to bring the cause to a final determination for a period of two years after the filing of the action.

Appellant submits two points upon which they rely for reversal: (1) That during the period from April 22, 1958, to December 11, 1958, there was no presiding judge in the case; and (2) that no district court jury was called or empaneled in Colfax County subsequent to April 17, 1959, and prior to the filing of the motion to dismiss on January 14, 1960.

It is shown by the record that a period of seven months and nineteen days elapsed, between the time the resident judge recused himself and the time that another judge was designated. It is also true that during the period commencing with the date of the filing of the complaint on December 6, 1957, to January 14, 1960, the date of the appellee's motion to dismiss, a period of time elapsed during which there was no district court jury called or empaneled to hear cases in Colfax County. A jury was empaneled in Colfax County on April 17, 1959.

Appellant contends that the two circumstances mentioned above should toll the running of the statutory two-year period.

The record discloses that even though the resident judge recused himself on April 22, 1958, no action was taken by counsel as to the designation of another judge until November 12, 1958, when the clerk of the district court mailed his certificate to the Supreme Court, and this notwithstanding that there had been some correspondence between counsel as to the designation of another judge.

The record is also clear that appellee filed interrogatories to be answered by appellant on March 26, 1958, and that appellant filed answers to said interrogatories on January 11, 1960, and this despite the fact that appellee had advised appellant that the answers to said interrogatories were nec-

essary in order for appellee to prepare the case for trial and possibly have depositions taken.

The record contains correspondence between counsel, and between counsel and the designated trial judge, relative to the failure of appellant to answer appellee's requested interrogatories. In letter dated December 26, 1958, addressed to all counsel, the designated judge stated he would give appellant fifteen days within which to file answers or response to appellee's interrogatories. The designated judge, in said letter, also advised that he had written the resident judge as to when a jury would be available to try the case. Reference is made in letter dated November 9, 1959, between counsel, as to the possibility of appellee stipulating that the two-year statutory period be waived. Suffice it to say that in spite of the correspondence and suggestion, no written stipulation waiving the two-year statute was filed.

We must affirm the judgment of dismissal of the district court on two grounds.

■ First, the judgment contains a general finding of fact finding the issues for appellee. No specific findings of fact were requested or tendered by appellant. Thus, appellant cannot invoke a review of the evidence to ascertain whether it supports the general finding or judgment. Damon v.

Carmean, 44 N.M. 458, 104 P.2d 735; Scuderi v. Moore, 59 N.M. 352, 284 P.2d 672.

■ Secondly, the two circumstances relied upon by appellant, to-wit: That there was no resident judge for a certain period, and that no jury was empaneled in Colfax County until April 17, 1959, do not meet the requirements of the rule and our interpretation thereof, that for some good reason a plaintiff is unable, for cause beyond his control, to bring the case to trial. We do not know and the trial court, even though he inquired, did not know the reason why a long period of time elapsed between the recusal of the resident judge and the filing of the certificate by the district court clerk with the Supreme Court. Both counsel knew of the recusal and the burden was upon appellant to seek an agreement with opposing counsel as to the designation of another judge, or upon failing to agree, to see to it that the certificate was immediately dispatched to the Supreme Court in order that the Chief Justice could designate another judge. Again, it is noted that appellee made it plain to appellant that it was necessary that appellant answer appellee's interrogatories, and despite the fact that appellee's interrogatories were filed on March 26, 1958, said interrogatories remained unanswered until January 11, 1960. There is nothing in the record showing any action

on behalf of appellee which would amount to a waiver or create an estoppel.

We stated in Featherstone v. Hanson, 65 N.M. 398, 338 P.2d 298, 300:

"* * * There is no duty on the part of the defendant to bring the case to trial, this responsibility being entirely upon the plaintiff, and the plaintiff failed to do so. * * *"

We also held in that case that correspondence between counsel, looking toward the expedition of the case, does not satisfy the provisions of the rule.

By the very language of § 21–1–1 (41) (e) and by decisions of this court bearing upon said section, it is plain that subject to the exceptions set out in Ringle Development Corporation v. Chavez, 51 N.M. 156, 180 P.2d 790, the statute is mandatory. Absent the filing of a written stipulation signed by all parties to said cause, postponing final action beyond the two-year period, or some showing in the court file itself which shows diligence on the part of the plaintiff to bring the action to trial, by motion or other action sought of the court to bring the proceedings to a final determination, or a definite showing upon which plaintiff relied which would estop a defendant from meritoriously filing a motion to dismiss, after two years from the date of the filing of an action, the trial court has

no discretion except to dismiss the case. Featherstone v. Hanson, supra.

Notwithstanding the delay occasioned in the designation of another judge, after the recusal of the resident judge, and regardless of the fact that during part of the two-year period a jury was not empaneled, there is nothing in the record before us showing definite action on the part of appellant to bring the proceeding to its final determination. The fact that a jury had been requested does not alter the requirement that the plaintiff must be diligent in attempting to bring the case to trial. The record shows that on the date appellant filed its answers to appellee's interrogatories, more than two years had elapsed from the date of the filing of the complaint.

Appellant argues with great vigor that the transcript shows that a jury was not called from April 17, 1959, until the filing of the motion to dismiss. This particular matter is shown in the transcript in appellant's answer to appellee's motion to dismiss, and by supporting affidavits of appellant's counsel. As we view the circumstances disclosed by the record, the fact that no jury was called after April, 1959, was not a defense to the application of the statute for the reason that because of appellant's failure to answer appellee's writ-

ten interrogatories, the case could not proceed to trial, and could not have been tried within the two-year period even if a jury had been called. We are reluctant to advise eminent counsel, particularly such able and experienced counsel as appear in this case, but we do take the liberty of saying that experience has shown us that matters taken up informally between counsel always lead to misunderstandings and difficulties. This is demonstrated by the affidavits filed by both counsel in this case, wherein each sets out what his understanding or impression was as the result of their conversations. It is hardly necessary to say that motions, notices, demand, or other pleadings or papers pertaining to a pending case, should be filed in the case proper, with copies served upon opposing counsel. Our rules contemplate this. In this manner the instruments filed become a part of the court file.

The record before us fails to show that appellant took the action required to bring the proceedings to a final determination within two years from the date of the filing of the complaint, and the trial court was correct in dismissing the action.

Finding no error, the judgment is affirmed. It is so ordered.

CARMODY and NOBLE, JJ., concur.

COMPTON, C. J., and MOISE, J., not participating.