389 P.2d 603

**Arvil E. MARLEY and Ruby Fay Marley, Plaintiffs-Appellants,**

**v.**

**CITY OF TRUTH OR CONSEQUENCES, a municipal corporation, Hal Everett, City Manager, Robbie J. Clark, Mayor, Ben Hillger, D. A. Garcia, Robert Holcomb and Floyd Cross, Commissioners of said municipal corporation; and D. A. Walton, Superintendent of Utilities, Defendants-Appellees.**

No. 7343.

Supreme Court of New Mexico.

Feb. 17, 1964.

Glen G. Hilford, Truth or Consequences, for appellants.

Jess R. Nelson, Truth or Consequences, for appellees.

CHAVEZ, Justice.

Appellants, plaintiffs in the court below, seek a reversal of an order of dismissal, with prejudice, of their cause of action under the provisions of Rule 41(e) (1), (§ 21–1–1(41) (e) (1), N.M.S.A., 1953 Comp.).

The original complaint was filed on March 7, 1959. On April 4, 1959, appellants filed their first amended complaint in three counts, to-wit: (1) To restrain appellees from discontinuing their electric service; (2) for damages to their business, credit and reputation by reason of a notice published in the Hot Springs Herald; and (3) for an audit of plaintiffs' utility account. On May 28, 1959, appellants filed their demand for jury trial.

Appellees, on July 2, 1959, filed their answer and counterclaim, and in their answer they also moved for dismissal of appellants' complaint. The trial court overruled appellees' motion to dismiss and an order to that effect was entered on December 1, 1959. On October 16, 1961, appellees moved for a dismissal of appellants' complaint, with prejudice, on the ground that appellants had failed to take action to bring such cause or proceeding to its final determination for a period of two years after the filing of said action or proceeding.

Appellants, on October 17, 1961, filed a motion asking the court to either set the case for trial or dismiss the same, without prejudice.

Appellees, on April 6, 1962, served notice on appellants that appellees' motion would be heard on April 16, 1962. On May 16, 1962, appellees filed a motion that appellants' first amended complaint be dismissed, with prejudice, on the ground that appellants had failed to take any action to bring such action or proceeding to its final determination for a period of at least two years after the filing of said action or proceeding, and that no written extension had been made. On the same day, May 16, 1962, appellees voluntarily dismissed their counterclaim.

The trial court, on May 17, 1962, after a hearing held on May 16, 1962, on appellees' motion filed October 16, 1961, entered its order dismissing appellants' complaint, with prejudice, and found: That the motion should be granted under the provisions of Rule 41(e); that no written stipulation or agreement extending the two-year rule had been made or filed in the cause; and that appellants had failed to take any action to bring their cause or proceeding to its final determination within a period of at least two years after the filing of such action.

Appellants claim error under three points, which are argued together: (1) That the trial court erred in sustaining appellees' mo-

tion to dismiss under Rule 41(e); (2) in refusing to make appellants' requested finding of fact; and (3) in failing to sustain or take any action on appellants' motion to either set the case for trial or to dismiss appellants' case, without prejudice.

Appellants' main contention is that on April 18, 1960, the first day of the April term of court, appellants' attorney orally requested that the case be set for trial, and that the court stated that the case would be set late in the summer; and that on October 17, 1960, appellants' attorney orally requested that the case be set for trial, and that the court announced the case would be tried after the first of the year. In both instances, appellants state that the court made a notation to that effect on the "Judge's Docket," and argue that because of their said requests the time was tolled and the case should not be dismissed under the provisions of Rule 41(e).

The difficulty with appellants' contention is that appellants' statement, that they made oral requests that the case be set for trial on April 18, 1960, and on October 17, 1960, is not supported by the record; and appellants' requested finding of fact, that such was a fact, was refused by the trial court at a hearing on May 16, 1962. The trial court also refused appellants' written requested finding of fact to the same effect, filed on June 6, 1962.

There is no evidence of record to support appellants' requested finding of fact, that they orally requested the trial court to set the case for trial. The "Judge's Docket" shows the following, among other things:

"1960
"Apr. 18 To be set late summer.
"Oct. 17 Try after 1st of year."

However, the "Judge's Docket" was not introduced or received in evidence, and possibly appears in the record because appellants, in their praecipe, requested that said document be included in the transcript. There is no evidence as to who made the notation on the "Judge's Docket." Even if we should consider the notations in the "Judge's Docket" set out above, this proves only what is set out therein, and does not prove that appellants requested that the case be set for trial.

The record is clear that appellants' original complaint was filed on March 9, 1959, and their first amended complaint was filed on April 3, 1959. Appellees answered on July 2, 1959, and the case was at issue. Nothing else appears in the record, other than the notations in the "Judge's Docket." Thereafter, on October 16, 1961, appellees moved for a dismissal under Rule 41(e), and on May 17, 1962, the trial court ordered appellants' complaint dismissed, with prejudice.

There is no proof here of the written stipulation nor exceptions stated in Ringle Development Corporation v. Chavez, 51 N. M. 156, 180 P.2d 790, so that absent a show-

ing of diligence reflected in the court file itself, the record fails to show such action as is required to prevent dismissal under the rule. Featherstone v. Hanson, 65 N.M. 398, 338 P.2d 298; Western Timber Products Company v. W. S. Ranch Company, 69 N. M. 108, 364 P.2d 361; Morris v. Fitzgerald, 73 N.M. 56, 385 P.2d 574.

Appellants argue that there is no provision in the statute that action on the part of a plaintiff to bring the case to trial must appear in the court file itself, as held in Western Timber Products Company v. W. S. Ranch Company, supra. We have reviewed those decisions concerning the requirement that diligence be shown in the court file itself and decline to overrule the construction there announced.

We do not believe, under the facts as disclosed by the record in this case, that appellants have shown the required diligence on their part to bring their action to a final determination, by motion or other action sought of the court and disclosed in the record. Further, there is no showing upon which appellants relied which would estop appellees from meritoriously filing a motion to dismiss, after two years from the date of the filing of the action.

The judgment of the district court is affirmed.

It is so ordered.

COMPTON, C. J., and NOBLE, J., concur.