396 P.2d 192

Thomas G. SCHALL, Administrator of the Estate of Charlie M. Guynn, Deceased, Petitioner,

v.

Hon. Garnett R. BURKS, Judge of the Seventh Judicial District comprising the Counties of Torrance, Socorro, Sierra and Catron, Respondent.

No. 7700.

Supreme Court of New Mexico.

Oct. 19, 1964.

Keleher & McLeod, Russell Moore, Albuquerque, for petitioner.

Matteucci, Gutierrez, Franchini & Calkins, Albuquerque, for respondent.

CHAVEZ, Justice.

Petitioner Thomas G. Schall, administrator of the estate of Charlie M. Guynn, deceased, by original action in mandamus, seeks the dismissal of a damage action pursuant to Rule 41(e) (§ 21–1–1 (41) (e), N.M.S.A., 1953 Comp.). The trial court, respondent herein, by order denied the administrator's motion to dismiss the cause. Petitioner then filed his petition for an alternative writ of mandamus which was granted by this court.

The record shows the following:

1. Complaint filed August 3, 1960; summons issued same day; process served on defendant August 5, 1960.

2. August 31, 1960, defendant's answer filed.

3. August 31, 1960, defendant filed notice to take plaintiffs' depositions in Albuquerque on October 4, 1960.

4. September 6, 1960, plaintiffs filed demand for jury trial.

5. September 12, 1960, plaintiffs filed motion to extend time for taking plaintiffs' depositions.

6. September 12, 1960, plaintiffs moved for an order to obtain copies of certain statements made by plaintiffs.

7. October 13, 1960, defendant gave notice to take depositions of plaintiffs on November 17, 1960, in Albuquerque.

8. December 23, 1960, plaintiffs filed notice that the case would be heard on merits on January 31, 1961.

9. December 30, 1960, defendant gave notice to take depositions of plaintiffs in Albuquerque on January 11, 1961.

10. January 17, 1961, plaintiffs filed an amended motion for protective order requesting that depositions be taken in Kansas City, Missouri, instead of Albuquerque and, in alternative, that the depositions be taken a week prior to the trial.

11. February 2, 1961, defendant filed notice to take depositions of plaintiffs on February 6, 1961, in Kansas City, Missouri.

12. February 2, 1961, plaintiffs filed motion for protective order setting out that if trial court decided the motion for production of documents in plaintiffs' favor, said order would be a nullity if plaintiffs' depositions were taken prior to such decision.

13. February 16, 1961, defendant filed notice to take plaintiffs' depositions in Kansas City, Missouri, on March 2, 1961.

14. February 20, 1961, order filed directing defendants to deliver copies of plaintiffs' statements.

15. March 28, 1961, defendant filed motion for summary judgment.

16. January 18, 1963, plaintiffs filed notice requesting that trial court set date for hearing on defendant's motion for summary judgment and that a date be set for trial.

17. February 4, 1963, defendant filed motion to dismiss for failure to bring case to trial within two years.

18. April 2, 1963, defendant's motion to dismiss filed similar to defendant's motion of February 4, 1963.

19. May 27, 1963, plaintiffs moved for order showing that defendant had vacated the hearing of February 27, 1963, on defendant's motions "and now has requested that the hearing of July 1, 1963, on said motions be vacated."

20. June 3, 1963, order entered that hearing of July 1, 1963, on defendant's motion be vacated.

21. November 18, 1963, order entered that briefs be submitted on defendant's motion to dismiss and on defendant's motion for summary judgment.

22. July 9, 1964, trial court entered order denying defendant's motion to dismiss for failure to bring proceeding to its final determination for a period of two years.

23. Two certificates signed by Judge Burks: (1) Filed July 16, 1964, that he did not set the case for trial on the merits for January 31, 1961, that he did not authorize the clerk to set the case for trial on said date, that a jury had been demanded and no jury was called, and that it was not intended that a jury be called in Torrance County for January or February, 1961; (2) that he did set the case for trial before a jury on July 28, 1964, and the setting was vacated because defendant would seek a writ of mandamus in the case.

As set out above, plaintiffs' complaint was filed on August 3, 1960. Thereafter, the only action taken by plaintiffs, prior

to defendant's motion to dismiss, was the notice filed on December 23, 1960, that the case would be heard on the merits on January 31, 1961. Defendant repeatedly filed notices to take plaintiffs' depositions in Albuquerque and in Kansas City, and was met by plaintiffs' motions for a protective order to extend the time of taking plaintiffs' depositions and that the depositions be taken in Kansas City instead of Albuquerque and, in the alternative, that they be taken about a week prior to trial.

Plaintiffs also filed a motion to obtain certain statements and the trial court, on February 20, 1961, directed that defendant deliver said statements to plaintiffs. It was not until January 18, 1963, a period of more than two years and four months after the filing of the complaint, and more than two years after plaintiffs filed their notice of trial on December 23, 1960, that plaintiffs filed a notice requesting that the trial court set a date for hearing on defendant's motion for summary judgment, and that a date be set down for trial.

As early as Ringle Development Corporation v. Chavez, 51 N.M. 156, 180 P.2d 790, we held that, subject to the exceptions therein stated, Rule 41(e) is mandatory. This rule has been followed in Pettine v. Rogers, 63 N.M. 457, 321 P.2d 638; Featherstone v. Hanson, 65 N.M. 398, 338 P. 2d 298; Western Timber Products Company v. W. S. Ranch Company, 69 N.M.

108, 364 P.2d 361; Morris v. Fitzgerald, 73 N.M. 56, 385 P.2d 574; Sender v. Montoya, 73 N.M. 287, 387 P.2d 860; Marley v. City of Truth or Consequences, 73 N.M. 484, 389 P.2d 603.

In Featherstone v. Hanson, supra, we stated:

"* * * absent the filing of a stipulation of extension, or some showing in the court file itself which shows diligence on the part of the plaintiff to bring the action to trial, or a definite showing, upon which plaintiff relied, which would estop the defendant from meritoriously filing a motion to dismiss, that after two years from the date of the filing of the original complaint the trial court has no discretion except to dismiss the case."

In Western Timber Products Company v. W. S. Ranch Company, supra, we said:

"* * * or some showing in the court file itself which shows diligence on the part of the plaintiff to bring the action to trial, by motion or other action sought of the court to bring the proceedings to a final determination, * * * the trial court has no discretion except to dismiss the case. * * *"

The question before us is simply whether the court file discloses that the plaintiff was diligent in his efforts to bring the case to trial and final determination within two years after it was filed on

August 3, 1960. We hold that nothing that the plaintiff did in the instant case can be considered as establishing the diligence required under the decisions cited above. If the mere filing of a notice of hearing were considered as having the effect of stopping the running of the two-year period fixed by the rule, there would be every reason to anticipate that plaintiff's counsel would file such a motion in every case at the earliest possible time, ·even though he had no intention of doing anything further. The result would be to effectively nullify the rule and avoid its salutary purposes. What we are saying, and what we thought we had said in our previous cases, is simply that to avoid the running of the two-year statute for any reason not specifically provided for there-· in, the court record must disclose actual and bona fide efforts on the part of the plaintiff to have the case finally determined within the two-year period. Nothing less will suffice. We are not prepared to state what will or what will not be considered diligence in any given case. However, we will say that we are satisfied that the showing made in this record does not meet the test.

We are cognizant of the fact that, in many counties, jury sessions are infrequently held; but that of itself does not excuse a plaintiff from taking affirmative action showing diligence in bringing the case to trial within the two-year period.

It may be that the two-year period within which a case must be brought to trial is too short, and that perhaps a three-year period would be more appropriate to meet the circumstances confronting a litigant in the courts today. This, however, is a matter which should be brought to the attention of the legislature.

In view of our holding, the alternative writ of mandamus will be made permanent. It is so ordered.

CARMODY and MOISE, JJ., concur.