404 P.2d 106

**STATE of New Mexico ex rel. CITY OF LAS CRUCES, a municipal corporation, Petitioner (Defendant below or Relator),**

**v.**

**The Honorable John B. McMANUS, designated as Trial Judge in this cause for the Third Judicial District within and for the County of Dona Ana, New Mexico, Respondent,**

**and**

**Seaborn P. Collins, (Plaintiff below) as real party in interest represented by Rufus C. Garland and James T. Martin, Jr., attorneys at law, Las Cruces, New Mexico.**

**No. 7721.**

Supreme Court of New Mexico.

July 6, 1965.

John Lenko, Edward E. Triviz, Las Cruces, for petitioner.

Garland & Martin, Las Cruces, for respondent and real party in interest.

MOISE,' Justice.

Petitioner here seeks mandamus to require respondent District Judge to dismiss cause No. 16839 on the docket of the district court of Dona Ana County, entitled Seaborn P. Collins v. City of Las Cruces.

The district court action was docketed on January 12, 1961, and an amended complaint was filed January 25, 1961. On February 9, 1961 defendant filed a motion to dismiss the complaint for failure to state a cause of action. Nothing in the record discloses that the motion was ever ruled on. The principal activity in the case has revolved around getting a judge to preside therein. Both resident judges were disqualified by affidavit filed February 9, 1961, and on February 23, 1961, it was stipulated that Judge McCulloh should preside. It then appears that on April 5, 1961 Judge Federici was designated to preside. After the passage of some ten months, on February 6, 1962, Judge Federici recused himself, whereupon on May 22, 1962, respondent was designated. Thereafter, on August 5, 1964, a motion to dismiss under §

21–1–1(41) (e), N.M.S.A.1953, was filed. Respondent stated in a letter to counsel that he would deny the motion, and relator then sought mandamus in this court.

■ The following additional facts are also material. Defendant's motion to dismiss had been submitted to Judge Federici on briefs, and was under advisement by him at the time he filed his recusal. Also, after his designation respondent took the motion under advisement and did not rule on it until July 27, 1964, when a letter was transmitted advising counsel of his decision. As already stated, no order has been entered. Defendant's motion under § 21–1–1 (41) (e), supra, was filed August 5, 1964. We note relator's position that anything not shown on the docket as a part of the record proper may not be considered by us in reviewing the actions of the respondent. Featherstone v. Hanson, 65 N.M. 398, 338 P.2d 298, and Western Timber Products Company v. W. S. Ranch Company, 69 N.M. 108, 364 P.2d 361, are cited and relied upon. We agree that these cases are controlling and hold that facts not appearing in the court file may not be considered as establishing diligence. Although no different rule of decision results, it is observed that this is an original proceeding for mandamus under § 22–12–1 et seq., N.M.S.A.1953, and that somewhat different procedural rules apply than in cases of appeals. Compare State ex rel. Burg v. City of Albuquerque, 31 N.M. 576, 249 P.

242, and Morris v. Fitzgerald, 73 N.M. 56, 385 P.2d 574.

Relator relies on our numerous decisions holding that the rule is mandatory and that respondent was without discretion in the matter. Respondent cites the case of Ringle Development Corporation v. Chavez, 51 N.M. 156, 159, 160, 180 P.2d 790, 792, wherein is found the following language:

"Construing Rules 41(b) and 41(e) together, we hold that except where the time is tolled by statute, such as the Soldiers' and Sailors' Relief Act of 1940, § 201, 50 U.S.C.A.Appendix, § 521, or unless process has not been served because of inability to execute it on account of the absence of the defendant from the state, or his concealment within the state, or unless from some other good reason, the plaintiff is unable, for causes beyond his control, to bring the case to trial, the provision for dismissal is mandatory."

Respondent argues that at all times after he was designated, he held the motion to dismiss under advisement and that the plaintiff in cause No. 16839 was unable, for good reasons and for causes beyond his control, to bring the action to its final determination. Respondent recognizes the possibility that mandamus might have been available, but argues that this is not practical because of its possible effect in antagonizing the judge. It is respondent's

position that this is the exact situation which the court must have had in mind in Ringle Development Corporation v. Chavez, supra, when it was stated that the dismissal provision of the rule was mandatory unless the statute was tolled, or unless a plaintiff for causes beyond his control could not bring the case to trial within the required time. What we must here decide is whether this contention has merit.

 If we weigh the expressed legislative purpose to require disposition of litigation within two years after the "filing" of an action, against the claimed impossibility of getting the case disposed of before passage of that period of time, we are constrained to hold under the facts here present that no sufficient showing to excuse compliance or toll the statute has been made. We do not overlook cases holding that reason must be applied in determining when one is "unavoidably prevented" from performing an act. See Powell v. Van Donselaar, 160 Neb. 21, 68 N.W.2d 894; Power v. Federal Land Bank, 141 Neb. 139, 2 N.W.2d 924, and Hogge v. Anchor Motor Freight, Inc., 277 Ky. 460, 126 S.W. 2d 877. Rather, we are impressed that we must hold preliminary motions filed but not ruled upon by the court will not prevent the running of the statute, at least where, as was true in this case, the record does not disclose that the court had been timely advised of the urgency of a ruling on the

pending motion with a request for a ruling and a setting for final disposition prior to a motion to dismiss under Rule 41(e), supra. See Pettine v. Rogers, 63 N.M. 457, 321 P.2d 638, and the recent case of Wilson v. Barry, 168 Cal.App.2d 378, 335 P.2d 980. What further action must be taken if a prompt ruling does not follow need not be considered in this proceeding because none was initiated.

The following quotation from Wilson v. Barry, supra, is in point:

"Plaintiffs urge that such action of the trial court in continuing the case beyond the five-year period brings the matter within the purview of such cases as Christin v. Superior Court [9 Cal.2d 526, 71 P.2d 205, 112 A.L.R. 1153], supra, wherein it is stated, 9 Cal.2d at page 530, 71 P.2d at page 207, that 'despite the mandatory language of the statute, *implied exceptions* have been recognized where it was *not possible* to bring the cause to trial.' However, as stated in Bank of America Nat. Trust & Savings Ass'n v. Moore & Harrah, 54 Cal.App.2d 37, 41, 128 P.2d 623, 625: 'The obvious weakness in plaintiff's position is that the record does not show that plaintiff *could not* have brought the action to trial within the five-year period.' Nor is there any showing that plaintiffs, after learning of the court's continuance beyond

the July 16, 1956, setting, called the court's attention to the fact that the continuance to September 25, 1956, was not within the five-year period. Further, there is no showing that plaintiffs made any objection thereto or sought to have it advanced to a date prior to the running of the statute. Under such circumstances, we feel it may be said that if the plaintiffs, upon learning of the postponement beyond the July 16th date, had called the court's attention to the consequences which would flow from it they could undoubtedly have secured an earlier date for the trial, or possibly a stipulation from opposing counsel waiving the benefit of the statute. See Ravn v. Planz, 37 Cal.App. 735, 736, 174 P. 690 and Bank of America Nat. Trust & Savings Ass'n v. Moore & Harrah, supra."

Mandamus is the proper proceeding to compel dismissal under § 21–1–1(41) (e), supra, when the district judge has refused to do so. Sender v. Montoya, 73 N.M. 287, 387 P.2d 860.

The alternative writ of mandamus heretofore issued is made peremptory.

It is so ordered.

CARMODY, C. J., and CHAVEZ, NOBLE, and COMPTON, JJ., concur.