404 P.2d 108

Victoria SARIKEY, a Minor, through her next of friend, John H. Stewart, Plaintiff-Appellant,

v.

Emilio A. SANDOVAL, Defendant and Third-Party Plaintiff-Appellee,

v.

Mercedes SARIKEY, Third-Party Defendant.

No. 7545.

Supreme Court of New Mexico.

July 6, 1965.

272

Lorenzo A. Chavez, Melvin L. Robins, Warren F. Reynolds, Albuquerque, for appellant.

Keleher & McLeod, Russell Moore, Albuquerque, for appellee.

MOISE, Justice.

This is an appeal taken from an order of the district court dismissing plaintiff's complaint with prejudice under § 21–1–1(41) (e) N.M.S.A.1953. Appellants assert that the trial court committed prejudicial error in dismissing the action.

The record discloses the following facts. The complaint was filed in the district court on November 22, 1960. Answer was made by defendant, and a third party complaint filed, on January 4, 1961. Thereafter, on February 23, 1961, a motion to quash service of process was filed on behalf of the third party defendant by the same attorneys who represent plaintiff, and on April 12, 1961, plaintiff filed a motion to strike certain defenses asserted by defendant. The record does not disclose that the court ever ruled on any of the motions. The motion to dismiss for failure to prosecute under Rule 41(e) was filed on January 9, 1963.

Appellants assert that additional facts, found in correspondence between counsel and the judge, should be considered by this court even though not a part of the record. Counsel have stipulated that these exhibits

were tendered by plaintiffs at the time of the hearing on the motion to dismiss under Rule 41(e) but not admitted by the court. There is no bill of exceptions. However, the letters as tendered are set forth in the transcript, marked as plaintiff's exhibits.

■ Appellants do not attack the trial court's ruling on the admission of this correspondence. They merely comment in their brief that despite the trial court's refusal to receive the same, such correspondence because tendered and marked as exhibits may be considered by this court. We disagree. This court is limited to the record in considering an appeal. Morris v. Fitzgerald, 73 N.M. 56, 385 P.2d 574. We have not, as a matter of practice, ever considered correspondence not actually a part of the record proper in ruling on motions under Rule 41(e). See, e. g., Featherstone v. Hanson, 65 N.M. 398, 338 P.2d 298; Western Timber Products Co. v. W. S. Ranch Co., 69 N.M. 108, 364 P.2d 361, and our discussion in State ex rel. City of Las Cruces v. McManus, 75 N.M. 267, 404 P.2d 106, filed July 6, 1965.

Even if we accepted the correspondence as properly before us, it would avail plaintiff nothing since there is included therein a letter from the trial judge dated approximately one month before the two years had run, indicating his decision on the pending motions. There is no showing that plaintiffs did anything to bring the case to trial thereafter. By the foregoing, we do not mean to suggest what the situation would have been if at the expiration of two years the motions were still being held under advisement. See State ex rel. City of Las Cruces v. McManus, supra.

■ If no action is taken for a period of at least two years, after filing the complaint, to bring the case to a final determination, the case must be dismissed upon motion of the opposite party unless dismissal is prevented by certain well defined exceptions.

■ We find no merit to appellant's argument that this case comes within the exception mentioned in Ringle Development Corp. v. Chavez, 51 N.M. 156, 180 P.2d 790, or that Vigil v. Johnson, 60 N.M. 273, 291 P. 2d 312, aids her. Although we do not deny that such exceptions may exist, we hold here that the facts disclosed by the record before us will not support the application of such an exception.

The order of dismissal appealed from should be affirmed.

It is so ordered.

CARMODY, C. J., and CHAVEZ, NOBLE, and COMPTON, JJ., concur.