409 P.2d 130

Donato **LOVATO**, Plaintiff-Appellant,

v.

Leslie **HICKS**, Defendant-Appellee.

No. 7775.

Supreme Court of New Mexico.

Dec. 20, 1965.

Melvin L. Robins, Albuquerque, for appellant.

McAtee, Toulouse, Marchiondo, Ruud & Gallagher, James E. Casados, Albuquerque, for appellee.

COMPTON, Justice.

The plaintiff appeals from an order of the district court dismissing his complaint with prejudice under § 21–1–1(41) (e), N.M.S.A. 1953. The pertinent provisions of the rule read:

"(1) In any civil action or proceeding pending in any district court in this state, when it shall be made to appear to the court that the plaintiff therein or any defendant filing a cross-complaint therein has failed to take any action to bring such action or proceeding to its final determination for a period of at least two years after the filing of said action or proceeding or of such cross-complaint unless a written stipulation signed by all parties to said action or proceeding has been filed suspending or postponing final action therein beyond two years, any party to such action or proceeding may have the same dismissed with prejudice to the prosecution of any other or further action or proceeding based on the same cause of action set up in the complaint or cross-complaint by filing in such pending action or proceeding a written motion moving the dismissal thereof with prejudice."

We find no error in the ruling of the court. The court record discloses the following facts. The complaint was filed March 3, 1961; the defendant entered his

**612**

appearance March 27, 1961; plaintiff's demand for a jury was filed April 24, 1961; defendant's motion to dismiss with prejudice under Rule 41(e) was filed July 16, 1964; the order granting the motion was filed August 17, 1964. Admittedly, there was no written stipulation signed by the parties and filed in the case suspending or postponing final action in the case beyond two years.

However, on August 31, 1962, appellant wrote a letter to the trial court requesting an early hearing of the case. The court responded thereto on September 9, 1962, advising the plaintiff that an early hearing could not be afforded him. Plaintiff's letter and a copy of the reply were mailed by the court to the clerk of the court and placed in the file for future references.

Appellant asserts that the correspondence between the court and counsel was sufficient to withstand the motion to dismiss under Rule 41(e). We disagree; this correspondence was not a part of the court record. A like contention was made in Sarikey v. Sandoval, 75 N.M. 271, 404 P.2d 108; and on authority of that case we conclude that the order of the court should be affirmed.

It is so ordered.

CARMODY, C. J., and CHAVEZ, J., concur.