410 P.2d 401

**C. T. TRUJILLO, Plaintiff-Appellant,**

**v.**

**John HARRIS, Defendant-Appellee.**

**No. 7723.**

Supreme Court of New Mexico.

Jan. 24, 1966.

Lorenzo A. Chavez, Melvin L. Robins, Warren F. Reynolds, Albuquerque, for appellant.

Knight, Sullivan & Hurley, Albuquerque, for appellee.

CHAVEZ, Justice.

This is an appeal from an order of the district court dismissing plaintiff-appel-

lant's complaint under § 21–1–1(41) (e), N.M.S.A., 1953 Comp.

The record discloses the following facts. The complaint was filed on May 4, 1960. On July 15, 1960, defendant filed a motion to dismiss on the ground that the differences, if any, between the parties had been settled. On October 10 and November 9, 1960, defendant filed notices to take plaintiff's deposition. Defendant's motion to dismiss was denied on November 9, 1960, and defendant filed his answer on November 14, 1960. On November 14, 1960, plaintiff filed notice to take defendant's deposition, and on November 17, 1960, plaintiff filed a jury demand. Defendant filed his motion to dismiss under Rule 41(e) on July 19, 1963.

The transcript then shows that plaintiff's response to the motion to dismiss was filed July 26, 1963, and to that motion plaintiff attached a letter dated August 3, 1961, asking the trial court to set the case for hearing. The trial court granted the motion for dismissal on August 1, 1963.

The transcript also shows an amended praecipe with letters attached from plaintiff's attorney to the trial judge dated February 1, 1962, and March 25, 1963, asking the judge to set the case for hearing. Other letters attached to the transcript concern demands and response to demands for medical information. They are not discussed or considered because of defendant's conten-

tion that plaintiff was never ready for trial, and so could not complain of the non-availability of a jury.

Plaintiff's sole contention is that the district court erred in dismissing the complaint and directs our attention to the similarity of the facts in this case and Sarikey v. Sandoval, 75 N.M. 271, 404 P.2d 108, which was handed down on July 6, 1965. Defendant, in his brief, also cites Ringle Development Corporation v. Chavez, 51 N.M. 156, 180 P.2d 790, and Pettine v. Rogers, 63 N.M. 457, 321 P.2d 638, which have been repeatedly cited and construed by this court, as well as Sarikey v. Sandoval, supra.

In this case we are asked to find that the non-availability of a jury was good reason to toll the statute, or that letters from plaintiff's attorney to the trial judge, asking that the case be set for hearing, were "action to bring such action or proceeding to its final determination." We do not see that plaintiff's contention of non-availability of a jury enhances his position. Plaintiff had agreed to furnish certain medical data to defendant, and that information was not made available to defendant until after the motion to dismiss. Because of plaintiff's failure to furnish the required material, the case could not have proceeded to trial and could not have been tried within the two year period, even if a jury had been called. See Western Timber Products Co. v. W. S. Ranch Company, 69 N.M. 108, 364 P.2d 361.

Before deciding whether the letters from plaintiff's attorney were proper action to satisfy Rule 41(e), it is necessary to determine whether they were a part of the trial court record prior to the motion to dismiss.

In Ringle Development Corporation v. Chavez, supra, it appeared that the plaintiff might have had good reasons to toll the Rule. This court affirmed the dismissal, and an indication of the importance that the action appear in the record is shown by the statement that:

"It does not appear from the record in this case that there was any reason beyond the control of the plaintiff why this suit could not have been prosecuted."

In Featherstone v. Hanson, 65 N.M. 398, 338 P.2d 298, this court again showed its concern with the court record and said:

"* * * absent * * * some showing in the court file itself which shows diligence on the part of the plaintiff to bring the action to trial, * * * the trial court has no discretion except to dismiss the case."

Again in Marley v. City of Truth or Consequences, 73 N.M. 484, 389 P.2d 603, it is pointed out that:

"There is no evidence of record to support appellants' requested finding of fact, that they orally requested the trial court to set the case for trial. * * *". . .

A document attached to the transcript by the praecipe was considered, but only by comment that it did not prove a particular point.

The question of the record of the trial court arose again in Sarikey v. Sandoval, supra, wherein plaintiff sought to have this court consider correspondence tendered and refused at the time of the hearing on the motion to dismiss under Rule 41(e). There it is stated that we are limited to the record on appeal of dismissal of an action under Rule 41(e).

In the instant case the correspondence sought to be considered was not part of the trial court record at the time the motion to dismiss was placed before the court. The letters were placed in the transcript as an exhibit in response to the motion to dismiss under Rule 41(e), or attached in accordance with the amended praecipe. We cannot consider them as evidence of plaintiff's efforts to bring the action to its final determination.

Since no other action taken by plaintiff, as shown by the trial court record, shows "action to bring such action to its final determination," and no "good reason" is indicated to toll the statute, the case was properly dismissed by the trial court.

The order of dismissal appealed from is affirmed.

It is so ordered.

CARMODY, C. J., and NOBLE, J., concur.