417 P.2d 208

Arthur C. BRIESMEISTER, Administrator of the Estate of John Edward Moore, Deceased, Plaintiff-Appellant,

v.

Naomi MEDINA, Colin W. Campbell d/b/a Campbell Pontiac Company, and Colin W. Campbell, Defendants-Appellees.

No. 7829.

Supreme Court of New Mexico.

July 28, 1966.

Sanchez & Thomson, Santa Fe, Sterling F. Black, Los Alamos, Walter F. Wolf, Jr., Gallup, for appellant.

Bertrand B. Prince, Santa Fe, for appellee, Medina.

**608**

White, Gilbert, Koch & Kelly, Santa Fe, for appellee, Campbell.

## OPINION

NOBLE, Justice.

A complaint filed September 25, 1961, after various pleadings, discovery proceedings, and a request for jury trial was dismissed under Rule 41(e) (§ 21-1-1 (41)(e), N.M.S.A.1953), pursuant to a motion filed January 10, 1964. This appeal followed.

Plaintiff's attorney testified to his diligence in attempting to have the case set for trial prior to expiration of the two-year period, and introduced in evidence at the hearing on the 41(e) motion a timely letter addressed to the district judge requesting a setting for jury trial. Counsel likewise testified that during a proceeding in what he termed a companion case he verbally requested a setting of the instant case. The trial judge agreed that he had received the letter and had been requested to set the case for trial. However, the correspondence between counsel and the court, and the verbal request for a trial setting, not being reflected in the court file prior to the motion to dismiss, does not constitute the action to bring the case to its final determination contemplated by the rule. Featherstone v. Hanson, 65 N.M. 398, 338 P.2d 298; Western Timber Products Co. v. W. S. Ranch Company, 69 N.M. 108, 364 P.2d 361; Sarikey v. Sandoval, 75 N.M. 271, 404 P.2d 108; Lovato v. Hicks, 75 N.M. 611, 409 P.2d 130; Trujillo v. Harris, 75 N.M. 683, 410 P.2d 401.

The file of this case, failing to disclose a request for a trial setting prior to filing of the 41(e) motion to dismiss, itself substantially supports the trial court's finding that failure to bring the cause to its final determination did not result from causes beyond the plaintiff's control.

We find no merit to plaintiff's contention that the running of the two-year period was tolled during the pendency of a motion to join parties claimed to be indispensable. Morris v. Fitzgerald, 73 N.M. 56, 385 P.2d 574, restricted the application of Vigil v. Johnson, 60 N.M. 273, 291 P.2d 312, to a situation where because of the filing of an amended complaint for failure of the original complaint to state a cause of action, the suit in effect had not been commenced until the filing of the amendment. See, also, State ex rel. City of Las Cruces v. McManus, 75 N.M. 267, 404 P.2d 106.

Finally, the plaintiff invokes the due process clauses of the Federal and State Constitutions. He does not argue that § 21-1-1 (41)(e), N.M.S.A.1953, contravenes the fundamental law, but does assert that the trial court's combined action in failing to set the case for trial after request to do so, and its subsequent dismissal denied to plaintiff due process of law because the

court's action was unreasonable and fundamentally unfair. We said in Eager v. Belmore, 53 N.M. 299, 207 P.2d 519, that Rule 41(e) has the effect of a statute of limitations; see City of Roswell v. Holmes, 44 N.M. 1, 96 P.2d 701, and that the order of dismissal did not destroy plaintiff's rights but only took from him a remedy.

Rule 41(e) does not require that an action be tried within the two-year period, but only that the plaintiff take action to bring the case to its final determination within that time, or prior to a motion to dismiss filed thereafter. That action, we said in Featherstone, as long ago as 1959, must be reflected in the files of the case itself. Failure or refusal of the court to set a case for trial at any particular time does not deny due process. At any time before the motion to dismiss was filed, and even after expiration of the two-year period, the plaintiff could have prevented dismissal by the mere filing in the case of a written motion requesting a trial setting. Martin v. Leonard Motor-El Paso, 75 N.M. 219, 402 P.2d 954; Foster v. Schwartzman, 75 N.M. 632, 409 P.2d 267; Kennedy v. Nelson, 76 N.M. 299, 414 P.2d 518.

It follows that the judgment appealed from must be affirmed.

It is so ordered.

COMPTON, J., and LaFEL E. OMAN, J., Court of Appeals, concur.