420 P.2d 779

Sara Engh REGER (formerly Sara Engh) a minor, by Steven Reger, her husband and next friend, Plaintiff-Appellant,

v.

Charlie Marlow PRESTON and Charles Marlowe Preston, Defendants-Appellees.

No. 7972.

Supreme Court of New Mexico.

Nov. 7, 1966.

Rehearing Denied Dec. 12, 1966.

Bigbee & Byrd, G. Stanley Crout, Santa Fe, for appellant.

Catron & Catron, Thomas A. Donnelly, Santa Fe, for appellees.

## OPINION

MOISE, Justice.

This is an appeal from an order dismissing plaintiff's amended complaint pursuant to Rule 41(e), New Mexico Rules of Civil Procedure (§ 21–1–1(41) (e), N.M.S.A. 1953).

In the order of dismissal the court made the following findings:

"1. Plaintiff's complaint against Charles Marlowe Preston was filed on May 31, 1961, and summons was issued on said date.

2. Defendants' answer was filed June 28, 1961.

3. Plaintiff filed a jury demand on July 5, 1961.

4. On July 5, 1961, certain interrogatories addressed to the defendant by plaintiff were filed.

5. On November 3, 1961, defendant Charles Marlowe Preston filed his answers to said interrogatories.

6. On June 21, 1962, based upon the motion of plaintiff and the order of the Court, an amended complaint was filed and summons issued addressed to Charles Marlowe Preston and Charlie Marlowe Preston.

7. Said defendants' answer to the amended complaint was filed on July 17, 1962.

8. On December 4, 1963, a Withdrawal of Counsel was filed by Edwin L. Felter.

9. Mr. Jose E. Armijo was retained as counsel for plaintiff on or after December 4, 1963, at which time plaintiff's action was already subject to dismissal pursuant to the provisions of Rule 41(e).

10. Defendants' motion to dismiss under the provisions of Rule 41(e) was filed on June 24, 1964.

11. The records of this Court disclose no action to have been taken by the plaintiff to bring this action to its final determination within a period of two years from the filing of this action.

12. Defendants were entitled to a dismissal of the action brought against them two years after May 31, 1961.

**198**

"13. Due to the failure of plaintiff to take any action to bring the action filed by her to its final determination for a period of at least two years after the filing of her complaint, said plaintiff's complaint herein should be dismissed with prejudice.

14. The plaintiff has shown no good reason, or causes beyond her control, why the case could not be brought to trial within two years after the filing of her action."

■ Plaintiff contends that running of the statute should be tolled because of the non-availability of a jury. Plaintiff further contends that numerous letters between counsel for plaintiff and the trial judge should be considered in determining whether the plaintiff has exercised diligence in bringing this cause to a final determination within the two-year limit. We have heard and rejected these arguments many times and fail to see how this case is distinguishable from our previous decisions. Western Timber Products Co. v. W. S. Ranch Co., 69 N.M. 108, 364 P.2d 361, and Trujillo v. Harris, 75 N.M. 683, 410 P.2d 401, provide a complete answer contrary to plaintiff's position on the question of tolling of time because a jury was not available.

■ Similarly, the argument concerning correspondence between the court and counsel has been held unavailing to this end

in Trujillo v. Harris, supra; Lovato v. Hicks, 75 N.M. 611, 409 P.2d 130; Sarikey v. Sandoval, 75 N.M. 271, 404 P.2d 108; State ex rel. City of Las Cruces v. Mc-Manus, 75 N.M. 267, 404 P.2d 106; Featherstone v. Hanson, 65 N.M. 398, 338 P.2d 298. We do not perceive that the fact that the correspondence was received in evidence at the hearing on the motion to dismiss and is shown in the bill of exceptions in any way alters the situation or the applicable rules. No findings were made or requested on the question of diligence as allegedly reflected by the letters. Accordingly, we may not review them. Gillit v. Theatre Enterprises, Inc., 71 N.M. 31, 375 P.2d 580. Compare Marley v. City of Truth or Consequences, 73 N.M. 484, 389 P.2d 603; Western Timber Products Co. v. W. S. Ranch Co., supra. By nothing which we have here said concerning the failure to request or obtain findings based on the correspondence do we wish to be understood as implying that if findings of diligence based on the letters had been made, the result would have been different. We pass consideration of that problem until it is properly before us. However, see Sarikey v. Sandoval, supra. In that case certain proof had been tendered and refused. We there said:

"Appellants do not attack the trial court's ruling on the admission of this correspondence. They merely comment in their brief that despite the trial court's refusal to receive the same, such corre-

spondence because tendered and marked as exhibits may be considered by this court. We disagree. This court is limited to the record in considering an appeal. Morris v. Fitzgerald, 73 N.M. 56, 385 P.2d 574. We have not, as a matter of practice, ever considered correspondence not actually a part of the record proper in ruling on motions under Rule 41(e). See, e. g., Featherstone v. Hanson, 65 N.M. 398, 338 P.2d 298; Western· Timber Products Co. v. W. S. Ranch Co., 69 N.M. 108, 364 P.2d 361, and our discussion in State ex rel. City of Las Cruces v. McManus, [75] N.M. [267,] 404 P.2d 106, filed July 6, 1965."

Also see Briesmeister v. Medina, 76 N.M. 606, 417 P.2d 208.

Plaintiff also argues that dismissal of the case wherein a jury trial had been demanded resulted in a violation of her constitutional rights as guaranteed in Art. II, § 12, of the Constitution of New Mexico. The record does not disclose that the question was raised or passed on below and, accordingly, it will not be considered here. The situation is very similar to that present in State Highway Commission v. Southern Union Gas Co.; 65 N.M. 217, 334 P.2d 1118, and the rule there applied is controlling here.

Finding no error, the judgment appealed from is affirmed.

It is so ordered.

CARMODY, C. J., and CHAVEZ and· COMPTON, JJ., concur.

WOOD, Judge, Court of Appeals (dissenting).

Section 21–1–1(41) (e), N.M.S.A.1953, does not state that only matters in the court file are to be considered in ruling on a motion to dismiss. Whether the party opposing the motion claims inability to comply (the negative aspect, see Ringle Development Corp. v. Chavez, 51 N.M. 156, 180 P.2d 790) or diligence that is compliance (the positive aspect, see Featherstone v. Hanson, 65 N.M. 398, 338 P.2d 298), the motion is to be decided on the basis of what is "made to appear" to the trial court.

How is anything "made to appear" to the trial court? By pleadings, motions, testimony, exhibits, admissions, etc. Whatever is presented to the court, it becomes a part of the record. In considering the rule, Ringle referred to "the record."

However, Featherstone limited that which could be considered to the court file, or record proper. Section 21–2–1(13), N.M.S.A. 1953. This limitation has been imposed as a matter of practice. Sarikey v. Sandoval, 75 N.M. 271, 404 P.2d 108.

In this case, plaintiff wrote letters to the trial court requesting that the case be heard.

**200**

The trial judge answered those letters. In court for docket call at opening of term, plaintiff orally requested a trial setting. These requests were made before the motion to dismiss was filed.

This court has held that a motion requesting a trial setting which appears in the court file prior to the motion to dismiss is sufficient to prevent dismissal under the rule. Procter v. Fez Club, 76 N.M. 241, 414 P.2d 219. Plaintiff's requests to the trial judge show more diligence than is shown by a motion for trial setting which is filed but not brought to the court's attention.

The rule states that it is to be applied on the basis of what is "made to appear" to the trial court. Under the rule the trial court should permit evidence to be introduced on the question of dismissal, and from that evidence, should determine as a fact whether there has been compliance or inability to comply.

I would remand this case to the trial court to determine, as a fact, whether there should be a dismissal. The majority follow the limitation imposed by Featherstone. Being of the opinion that plaintiff was not limited to the record proper in opposing the motion to dismiss.

I dissent.