485 P.2d 974

Mary ESCOBAR; Plaintiff-Appellant,

v.

Della Romero MONTOYA, Defendant-Appellee.

No. 604.

Court of Appeals of New Mexico.

May 21, 1971.

Thomas M. Thompson, Arturo G. Ortega, William E. Snead, Albuquerque, for plaintiff-appellant.

Eugene E. Klecan, James T. Roach, Albuquerque, for defendant-appellee.

OPINION

WOOD, Judge.

Plaintiff's complaint for personal injuries was dismissed under § 21–1–1(41) (e) (1), N.M.S.A.1953, as that rule was worded prior to its amendment in 1967. For the applicable wording of the rule see Jones v. Pringle, 78 N.M. 467, 432 P.2d 823 (1967). Dismissal was on the basis that plaintiff had failed to take any action to bring the cause to its final determination for a period of at least two years after the filing of the cause. Plaintiff's appeal contends the dismissal was erroneous because "for good reason" and "for causes beyond her control" plaintiff was unable to bring the case to trial within two years.

Baca v. Burks, 81 N.M. 376, 467 P.2d 392 (1970) states:

"As early as 1947 in Ringle Development Corp. v. Chavez, 51 N.M. 156, 180 P.2d 790, we held that the rule required mandatory dismissal except where tolled by statute or failure of process on account of absence of defendant from the state, *"or unless from some other good reason,* the plaintiff is unable, for causes beyond his control, to bring the case to trial.' (Emphasis added.) * * *"

The appeal is based on the negative aspect of the rule—inability to bring the case to trial within the required time. See dissenting opinion in Reger v. Preston, 77 N. M. 196, 420 P.2d 779 (1966).

■ Plaintiff advances two reasons to justify her inability to comply with the rule. First, she asserts she could not have brought the case to trial within two years of filing her complaint because this was a jury case, and a certificate of the district judge shows " * * * the case could not have come up for trial on said Jury Docket * * *" until more than two years after the filing of the complaint. It is doubtful that this issue is before us because the record is not clear whether this contention was presented to the trial court. Regardless, this view has been answered adverse to plaintiff's contention. The non-availability of a jury, in itself, does not prevent dismissal under the rule. Reger v. Preston, supra, and cases therein cited.

■ Second, plaintiff contends she could not bring the case to trial within the specified time because of " * * * the problems encountered in effecting service of process. * * *" The complaint was filed April 29, 1966; defendant wasn't served with process until November 1, 1967. The question of the ability to serve the defendant was presented to the trial court by testimony and by affidavits. Plaintiff claims the testimony and affidavits show process could not have been served earlier than it was. She asserts that failure to serve process at an earlier date was good cause, beyond her control, for not bringing the case to trial within the required time. We disagree.

Benally v. Pigman, 78 N.M. 189, 429 P. 2d 648 (1967) states:

"Although we have never specifically ruled on the question, it is certainly to be implied from our decisions that service of process is not the kind of action which would be sufficient to toll the running of the mandatory dismissal rule. Service upon a defendant is merely one step in the process of litigation and does not constitute the required diligence to bring a case to its final determination. * * *"

If service of process is not "required diligence" to bring the case to its final determination, and does not toll the running of the rule, then the late service of process, in this case, does not toll the running of the rule. Here, we are discussing only the time when service was made, and not the reason that process was served at that time.

Another aspect of the "service of process" contention, is that plaintiff was unable to serve the process earlier. This aspect involves the exception to the rule stated in Ringle Development Corporation v. Chavez, 51 N.M. 156, 180 P.2d 790 (1947). This exception applies to the inability to execute process " * * * on account of the absence of the defendant from the state, or his concealment within the state, * * *"

Plaintiff's brief states: " * * * it is uncontroverted that the Defendant was never absent from the state. * * *" While evidence before the trial court shows the inability to locate or serve defendant at two specified addresses, the evidence of defendant's residence and whereabouts in the State is uncontradicted.

■ This evidence shows that in the same month the complaint was filed defendant moved to a new address in Albuquerque and has lived at the new address ever since; that she has had her children in Albuquerque schools, and " * * * has not been out of Albuquerque more than 3 to 5 days at any one time * * *;" and that absences from Albuquerque were to

visit her father in Santa Fe and Espanola. There is evidence that an adjuster for defendant's insurance company was in periodic contact with defendant from the time of filing the complaint until service was made; that the adjuster was "frequently in contact" with one of plaintiff's attorneys; that the adjuster was unaware that suit had been filed until shortly before service was effected, almost seventeen months after the filing of the complaint; that the adjuster supplied plaintiff's attorney with defendant's address when this information was requested.

There is no evidence from which the trial court would have found that defendant had concealed herself within the State.

Plaintiff has not brought herself within any exception to the rule requiring mandatory dismissal. The order of dismissal is affirmed.

It is so ordered.

SPEISS, C. J., and HENDLEY, J., concur.